## THE STATE v. WM. E. ADAMS.

A lost indictment may be supplied under the Act of February 11th, 1850, to provide a remedy for the loss or destruction of records and papers appertaining to proceedings in the Courts of this State. (Hart. Dig. p. 829.)

See this case as to the proof of the existence and contents of a lost indictment, under the provisions of the Act of February 11th, 1850, to provide a remedy for the loss or destruction of records and papers appertaining to proceedings in the Courts of this State. (Hart. Dig. p. 829.)

Appeal from Harrison.    Heard below before the Hon. Wm. S. Todd.

This was an indictment for betting at Rondo, and the case went off on the question of the substitution of the indictment, which had been stolen.    Bill of exceptions as follows : Be it remembered that on the 7th day of July, 1855, the District Attorney came into Court and suggested to the Court that the indictment in this case had been lost, whereupon it was ordered that " leave be granted to substitute ;" and on same day the case being called for trial, the District Attorney filed his motion and affidavit, which are in the words and figures following, to wit :

Style of the case.    Now on this day comes S. P. Donly, the District Attorney, who prosecutes in this behalf, and shows to the Court, that an indictment lately pending in this Court in the case of the State of Texas against William E. Adams, for betting money upon a certain gaming table commonly called a Rondo Table, No. 776, filed in said Court, on the sixth day of July, A. D. 1853, has been stolen, lost or mislaid, so that it cannot be had ; that no certified or written copy has been preserved of the same so far as he is informed and believes ; that said original indictment was prepared by him ; endorsed a true bill and signed by the foreman of the grand jury ; and

that the paper and writing filed as for an indictment in this Court on the 7th day of July, 1855, marked 776, against the said William E. Adams, contains in substance the contents of said original indictment, and to the best of his recollection, information and belief, it is a true copy of said original indictment; that in preparing the substitute for said original indictment, he referred to and used in preparing this, an indictment found at the same Term of the Court as in this case, and that all of said indictments (for betting at Rondo) were printed in full, except as to the name of the party, and all of the same printed copy; and he prays that it be taken, held and received as a substitute for said original indictment.

The statements contained in the foregoing motion sworn by the District Attorney to be true in substance and fact, to the best of his knowledge, recollection and belief.

The District Attorney also showed in support of his motion the previous entries of record in said case, being the return of the indictment into Court; recognizance of the defendant; continuance at Fall Term, 1853, to await decision of the Supreme Court in The State v. Vankook; forfeiture of recognizance at Spring Term, 1854; no other entry until Spring Term, 1855.

The defendant objected, first, because the District Attorney could not make the affidavit of the existence and contents of the indictment, and because there was no legal indictment, and because there was no sufficient proof of the existence, loss and contents of the indictment, and because an indictment cannot be substituted. The Court overruled the objection, and the defendant excepted.

The defendant then proposed that the question as to the existence and contents of the indictment was a matter to be proved and established by a verdict of the jury, with the other matters in controversy in the case. The Court ruled that the question as to the existence, loss and contents of the indictment was to be heard and tried by the Court, and refused to submit that issue to the jury; to which the defendant excepted.

The defendant then proposed to inquire of the District Attorney his means of knowledge, information and ground of belief, as to the existence and contents of said indictment. The District Attorney objected—

1st. Because the motion and affidavit supplied the loss of the indictment, and the indictment should be taken as a substitute for the original.

2nd. That the defendant could not controvert his motion or inquire as to his information or means of knowledge of the existence and contents of the original indictment, until the facts stated in his motion to substitute had been put in issue by plea supported by the affidavit of the defendant. The Court overruled the objection of the District Attorney, and ruled that the defendant might make a witness of and inquire of the District Attorney, as to his information and means of knowledge as to the existence and contents of the indictment ; to which the District Attorney excepted.

And thereupon the District Attorney, in answer to questions propounded to him by defendant, testified that he prepared all the indictments found at the June or Summer Term of this Court for the year 1853 ; that there was a large number of indictments found for betting at Rondo ; that in preparing indictments for that offence, he used a printed form, complete except as to the name of the party, which he inserted in writing, and that in preparing the indictment now before the Court, he used one of the indictments found at the June Term of this Court, for the year 1853 as above stated, which he procured from the Clerk's office of this Court, which is printed except the name of the party ; and that he took a copy of the same for the indictment now before the Court, only varying the name of the party ; that all of the indictments found at the June Term, 1853, for betting at Rondo, were prepared from the same impression or printed copy ; that having prepared the form of the indictment for betting at Rondo, he knew the substance of the contents of the same from recollection, although he might not state it in the exact words of the

original ; that he remembered that William E. Adams was indicted at the June Term of the Court for the year 1853, in several cases ; his impression from recollection is, that he was indicted for betting at Rondo, but he could not state it as a fact, with certainty, from recollection ; that in making out the indictment now before the Court, he looked to the record for information ; that he had no particular or definite recollection in this case ; that he had no definite and certain recollection of the endorsement on the indictment, as a distinct fact ; that he was satisfied of its correctness from his universal manner of doing business ; that he prepared the indictments for the signature of the foreman, and knows the foreman of the grand jury signed the indictments at the Term of the Court above alluded to, having seen him engaged in that business ; but he could not state that he signed the bill of indictment in this case from a particular recollection of that fact, although he had no doubt of it from the facts above stated ; and that he was always particular to see that the bills were signed ; and that he delivered them to the foreman to sign, and was present when he was signing them ; but cannot state as to this bill in particular, distinguishing it from the other indictments found at the same time, from a particular recollection of the fact. Nor could he state as a distinct fact, as to the endorsement on the lost bill of indictment ; he had a general recollection of the business, but could not say that he had any distinct recollection as to this bill of indictment (which has been lost) from recollection ; and the examination of the record did not call to his mind this bill as an independent fact. He did not now remember writing this bill, and he could not now state the contents of it, except that he knows that the indictments for Rondo, found as above, were the same, except as to the names of the parties, and from his recollection of the averments contained in a bill of indictment for betting at Rondo ; he could not state from recollection whether, in the original indictment, the name of the defendant was written

William E. Adams, or William Adams; that he sometimes, in preparing bills of indictment, omitted the middle name or middle letter of the name, though he presumes from finding on the record the name William E. Adams, that it was so written in the original indictment; that he does not remember to have seen this bill filed, and if he had not seen the record, he would not have stated that this bill had been brought into the Court, although his recollection and impression as to the fact would have been as above stated; and from examining the record, it does not refresh his mind so that he can state as a fact, independent of the record, the bringing of the bill of indictment into Court.

The defendant having closed, the District Attorney called the Clerk, who testified that some few days before the commencement of the present Term, he regularly assorted all the cases on the State docket; that they were all on file in his office at the commencement of this Term; that on the night of the 26th of June, the press that contained the State papers aforesaid on said State docket, was forced open and all the State papers taken therefrom; affiant therefore states that the indictment in this case of the State of Texas against William E. Adams, No. 776, charged with betting at Rondo, was one of the papers so taken from said press as aforesaid.

Signed, sealed and approved as a statement of facts and bill of exceptions.

The Court quashed the indictment, and ordered that the defendant go hence without day.

*Attorney General*, for appellant.

WHEELER, J. The language of the Statute is very comprehensive, embracing all cases where the "records and papers, or any part thereof, appertaining to the proceedings in any Court of this State may have been, or may hereafter be, lost or destroyed," &c. (Hart. Dig. Art. 2750.) The language is

certainly broad enough to include the case of a lost indictment. The statute makes no exception; and we see nothing in it, or in general principles, to warrant the Court in making an exception, which the Legislature has not seen proper to make. It may be very difficult to make the proof necessary to supply the loss; and the more convenient course, in practice, doubtless would be to prefer a new indictment, as in the case of The State v. Elliott, (14 Tex. R. 423.) And this may always be done where the grand jury are in session, and the State's witnesses are in attendance. But if the District Attorney sees proper to supply the loss in the mode provided by the Statute; and can prove clearly and conclusively the exact contents of the lost indictment, we see nothing to prevent it. The proof in this case established conclusively the identity of the copy with the original indictment for which it was proposed as a substitute; and we think the Court erred in refusing to permit the trial to proceed upon it. The judgment is therefore reversed and the cause remanded.

Reversed and remanded.