### E. G. CLAMPITT *v.* THE STATE.

1. LOST INDICTMENT, HOW SUPPLIED.— The Code provides that, "when an indictment has been lost or mislaid, the district attorney may suggest the fact to the court, and the same shall be entered upon the minutes of

the court, and in such case another indictment may be substituted, upon the written statement of the district attorney that it is substantially the same as that which has been lost or mislaid." Compliance with this provision is not shown by a record-entry as follows: "Loss of papers suggested; the county attorney has leave to substitute the same," followed with a substitute indictment, certified by the attorney.

2. SAME. — The suggestion of loss should be in writing, should set out the facts, and be entered on the minutes of the court; and, upon the presentation of the indictment prepared as the substitute, accompanied by a written statement of the district or county attorney that it is substantially the same as that lost, an order of the court should be entered, showing that the substitution was allowed and made.

3. OATH TO THE JURY. — Article 563 of the Code of Criminal Procedure (Pasc. Dig., art. 3029) prescribes the oath to be administered to the jury in trials for capital as well as other offenses. It superseded the jury oath prescribed for capital cases by the act of 1846, and embodied in article 3990 of Paschal's Digest.

4. CHARGE OF THE COURT — FILE-MARK. — The record of a felony case must show that the charge of the court was filed. Failure to file the charge in such a case is fatal to a judgment of conviction.

APPEAL from the District Court of Franklin. Tried below before the Hon. B. T. ESTES.

The opinion states the matters relevant to the rulings. The verdict found the accused guilty of murder in the second degree, and assessed his punishment at five years in the penitentiary.

*G. T. & C. S. Todd*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. In this case it appears that the appellant had been indicted by the grand jury of Franklin County for the murder of one Richard Goode. By some means the indictment was lost or mislaid. Our statute with regard to supplying lost indictments reads as follows, viz.: "When an indictment has been lost or mislaid, the district attorney may suggest the fact to the court, and the same shall be

entered upon the minutes of the court, and in such case another indictment may be substituted, upon the written statement of the district attorney that it is substantially the same as that which has been lost or mislaid." Pasc. Dig., art. 2873.

Prior to the adoption of the Penal Code it had been held by our Supreme Court that the language of the general statute with regard to the loss and destruction of records and papers (Pasc. Dig., art. 4969) was broad enough to include the case of a lost indictment. *The State* v. *Adams*, 17 Texas, 232.

In the case at bar the record recites (after styling the case): "Loss of papers suggested; the county attorney has leave to substitute the same." After setting out the indictment, then follows the certificate of the county attorney, in these words:

" *The State of Texas, Franklin County, in District Court, April term, A. D. 1877:*

" I, J. B. Stringer, county attorney for Franklin County, state aforesaid, do certify that the within is a substantial copy of the original indictment, which has been lost from the files of this court.

[Signed]                           " J. B. Stringer,
                                    " Co. Att'y F. C. P."

We cannot believe that the above recitals are such a suggestion of loss and such a substitution of an indictment as the statute quoted contemplates. The loss of the *indictment* is in fact not suggested by the use of the terms " loss of *papers*." Whilst it is true that an indictment is a paper in a cause, it is yet still more than a paper; it has a specific meaning, and indicates the solemn act of a grand jury, the essential and fundamental prerequisite to a prosecution for felony under our laws.

Again, we think that, where, in a criminal case, so grave a " paper " as the indictment is sought to be substituted,

the prosecuting officer should at least make his suggestion of the loss in writing, and that the writing should set out the facts ; and, further, that the written statement thus made should be entered upon the minutes of the court. Then, upon the presentation of the indictment as prepared for substitution, accompanied by the written statement of the county or district attorney that it is substantially the same as that which has been lost and mislaid, there should be an order of the court showing that the substitution was allowed and made.    *Graham* v. *The State*, 43 Texas, 550. See, also, *The State* v. *Adams*, 17 Texas, 232.    The statute does not require, as did the old law, that the suggestion of loss or the certificate should be sworn to.

It is insisted that, the case being a capital felony, the oath administered to the jury should have been the one prescribed by the act of May 4, 1846 (Pasc. Dig., art. 3990), and not the one which was administered in conformity with the provisions of article 563 of the Code of Criminal Procedure (Pasc. Dig., art. 3029).    The objection is not a good one ; the latter act has superseded, and was intended to supersede, the former, and the object was to prescribe a form of oath to be administered alike in all criminal cases. *Burch* v. *The State*, 43 Texas, 376 ; *Morgan* v. *The State*, 42 Texas, 224 ; *Lopez* v. *The State*, 42 Texas, 298.    In *Sutton* v. *The State*, 41 Texas, 513, where the offense charged was murder, the court hold that the oath prescribed in article 3029, Paschal's Digest, should have been administered, as was also held in *Smith* v. *The State*, 1 Texas Ct. App. 408.

Two objections are urged to the charge of the court, both of which, we are of opinion, are well taken.    The first arises, doubtless, from accident in the omission of the court to insert the word " not," as was intended, before the last word, " guilty," in the following portion of the charge, viz. :  " If you believe from the evidence that defendant, as charged in

the indictment, unlawfully killed Good, under the immediate influence of sudden passion arising from an adequate cause at the time, and that he was not excused or justified in so doing on the ground of self-defense, as charged, then you will find the defendant guilty of manslaughter, and assess his punishment at confinement in the penitentiary not less than two nor more than five years ; *otherwise, you will find the defendant guilty.*'' The preceding instruction immediately above was upon the punishment of murder in the second degree, and, not being able to find defendant guilty of manslaughter, we are unable to say how far the jury may, as is contended, have felt bound, inasmuch as they were to find him, otherwise, guilty, to conclude that " otherwise '' referred to murder in the second degree, the punishment for which was the punishment they did assess by their verdict.    This omission in the charge was made one of the grounds of the motion for a new trial.

The other objection to the charge is that it is not filed, and was never filed, as part of the record in the case.    This court has time and again held that the failure to file the charge in a felony·case would be fatal to the validity of the judgment.    *Haynie* v. *The State, ante,* p. 233 ; *Parchman* v. *The State, ante,* p. 225 ; *Krebs* v. *The State, ante,* p. 348.

It is unnecessary to consume time in the discussion of the other questions presented, as they are not likely to arise upon a subsequent trial.    For the reasons stated, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*