R. ANDERSON v. THE STATE.

1. CONTINUANCE. This court will not regard a statement made in a motion
   for new trial in reference to some other alleged proceeding in the
   case, which the record does not verify as being true, as where the trans-
   cript fails to show that any action was had by the court on a motion for
   continuance. A motion for new trial which alleges error in overrul-
   ing the application will not be regarded in the absence of a bill of
   exceptions, showing that the court did act upon and overrule the appli-
   cation.
2. OATH OF JURY. A recitation in the judgment-entry in a criminal cause,
   that the jury was "sworn well and truly to try the case," is not con-
   strued to mean that the jury was sworn in that form, but as equivalent
   to saying that the jury was sworn; the words "to try the case," are
   construed to indicate nothing more than the case in which the jury was
   sworn, and not the form of the oath.

APPEAL from DeWitt. Tried below before the Hon. D. D.
Claiborne.

Anderson was indicted for an assault with intent to murder
one Newman. Incorporated in the record is an application for
continuance, based on the absence of a material witness, at that
time confined in the Galveston jail. The facts constituting the
materiality of his testimony are fully stated, and also that the
affiant had been unable to procure the necessary process to
secure his testimony, by reason of his own confinement in jail.
The transcript contains no evidence that this application was
ever acted on by the court, nor is there any statement any-
where in the record that a writ of *habeas corpus ad testifican-
dum* for the witness in jail in Galveston, had at any time been
applied for.

Anderson was found guilty, and his punishment assessed at
two years in the penitentiary. There is nothing observed in
the facts in evidence, nor in the charge (which is lengthy) that
would seem to require their insertion here.

*W. L. Davidson*, for appellant.

*Geo. W. Smith*, for The State.

ROBERTS, C. J.    The objection to the indictment is not tenable.    The only deficiency is in the omission of the defendant's name at a place in which, had it been there inserted, it would have been tautology.

The evidence fully sustains the charge in the indictment, and there was no objection made to the charge of the court; and, indeed, there is nothing in the charge where reference is had to the facts in proof, which was prejudicial to the defendant.

There is no bill of exceptions in the record showing that the overruling of the application for a continuance was excepted to, nor does it appear in any way which will enable this court to revise such ruling of the court below.    It has been repeatedly decided, that it should appear by a bill of exceptions that the action of the court in overruling the application for a continuance was excepted to at the time, so that the judge may give any explanation thereon which he may think necessary to sustain his ruling.    (Campion *v.* Angier, 16 Texas, 93; Parker *v.* McKelvain, 17 Texas, 159; Cotton *v.* The State, 32 Texas, 640, and numerous others down to 40 Texas, inclusive.)

There are bills of exceptions to the rulings of the court in overruling the motion for a new trial, and the motion in arrest of judgment, which are entirely unnecessary to be presented in the shape of a bill of exceptions, when it appears as copied from the minutes of the court, as it should in every transcript. It does not even appear in this case that the application for a continuance and for a *habeas corpus ad testificandum* were presented to, and acted on by the court, except that it is made a ground for a motion for a new trial.    This court cannot take such a ground as alleged to be true as therein stated by the defendant, unless its truth is authenticated by the judge presiding, in the shape of a bill of exceptions, showing that the

court did act upon and overrule the application for a continuance, and that the defendant excepted to such ruling of the court at the time.

Another objection taken to the conviction in this case is, that it appears from the judgment-entry in this case that the jury was improperly sworn, which is, that the jury was " sworn " well and truly to try the case." The question arising upon this was, whether this means that the jury were sworn for the purpose of trying the case, the words " well and truly to try " the case " being surplusage, or does it mean that the oath that was administered to the jury was administered in that form? If the former, it would be sufficient; if the latter, it would certainly be bad, under very many decisions formerly as well as lately made by this court on this subject. We think that the words do not convey the meaning that the oath was administered to °the jury in that or any other form, but to convey the idea simply, that the jury was sworn in the case, which is about equal to saying simply that the jury was sworn. We are therefore of opinion, that we cannot say, from the words here used, but that the jury were properly sworn. We have very often decided, that where the judgment-entry recites that the jury " were sworn to try the issue joined on a plea of not " guilty," and the like, that this indicated the form of the oath, and the case would have to be reversed on that account, under the precedents long established and followed by this court. In this case, however, the words of the judgment-entry admit of a construction fairly, that the jury were sworn in the case—the words " to try the case," meaning really nothing further than to indicate the case in which the jury were sworn, and not the form of the oath; and therefore it does not fall under the rule which has dismissed so many cases from this court, for an error that has resulted rather from the negligence of the clerk in drawing up the judgment-entry, which has escaped the attention of the attorneys and of the presiding judge, than from an erroneous design.

We are of opinion that there is no error in this case so pre-

sented as to permit, or to require its reversal; and therefore the judgment is affirmed.

Affirmed.