## Alfred Harris *v.* The State.

1. Indictment.—See recitals held to show compliance with the requirement.
   that an indictment must appear to have been presented in a court having·
   jurisdiction of the offense charged.

2. Same—Name of the Accused.—When the grand jury know the surname,.
   but not the given name, of the defendant, it is sufficient to indict him by
   his surname, with the allegation that his given name is unknown. It is
   not necessary to assign him a fictitious given name.

3. Pleading.—Since the adoption of the Code, formalities and technical
   niceties in criminal pleading are less regarded than previously in this·
   state. The spirit and general design of the Code reform the common law·
   in these respects.

4. Indictment—Time and Place.—Under the Code of this state an indict-
   ment for theft need not, in charging the intent to defraud, and the intent.
   to appropriate, aver time and place separately to each intent. The copu-·
   lative conjunction suffices, without reiterating "then and there."

5. Theft—Charge of the Court.—The distinction between theft and tres-·
   pass should be given in charge to the jury whenever there is evidence before
   them tending to show that the property was taken under an honest claim·
   of ownership, or without a fraudulent intent. If doubtful whether the
   evidence calls for the instruction, and it is asked by the defendant, it is.
   well to give it.

6. Recital of Jury Oath.—A recital that the jury were "sworn according to
   law to try the said defendant" does not import that the jury oath was·
   administered in those words. It is merely a recital that, for the purpose
   of trying the cause, the jury were sworn according to law.

Appeal from the District Court of Bexar. Tried below
before the Hon. George H. Noonan.

The opinion sets out the indictment, and states all facts.
pertinent to the rulings.

After the delivery of the opinion the counsel for the appellant moved for a rehearing; but the motion was over-ruled.

*Bethel Coopwood*, for the appellant. The record in this case assumes to set out the oath of the jury, but shows one different from that required by the Code (Pasc. Dig., Art. 3029), which is error, apparent of record, that will be noticed without any special exception or assignment of error. *Smith* v. *The State*, 1 Texas Ct. of App. 408; *Morgan* v. *The State*, 42 Texas, 225; *Edmonds* v. *The State*, 41 Texas, 496; *Arthur* v. *The State*, 3 Texas, 405.

The indictment does not contain the 2d requisite (Pasc. Dig., Art. 2863); for it does not appear therefrom that it was presented in a court held in and for Bexar county, at a time and at a place authorized by law. This court having judicial knowledge of the time when and the place where the district court of Bexar county is authorized by law to be held, it should appear from the indictment that it was presented in such court, held at that time and at that place; but this court will fail to determine from the face of this indictment where the court was held, or that it was in fact held at all; yet it is requisite to the existence of a court that it be held at a time and at a place where it is authorized by law to be held. 1 Bouv. Inst. 67; *Doss* v. *Waggoner*, 3 Texas, 516; *Hodges* v. *Ward and Ingram*, 1 Texas, 244; Bac. Abr., vol. 2, p. 616—Courts.

All the precedents show a court holden at a place and at a time. 1 Chitty's Cr. Law, 9, 11, 12; Whart. Cr. Pr. 1; Archb. Cr. Pl., 5th Am. ed., 33.

If no place is set forth where the indictment is found, it is insufficient; and, if a place is appointed by law for holding a court, the indictment is insufficient unless it expressly shows that it was holden at such place. 2 Hawk. P. C., ch. 225, sec. 128.

The intent to defraud, and the intent to appropriate, are distinct and independent circumstances necessary to the charge of theft (Pasc. Dig., Art. 2381), and should be averred with time and place (2 Hale, 178; Cot. 738); and " the mere qualification ' and,' without the words ' then and there,' is insufficient to extend the original allegation of time to the averments thus introduced." Whart. Cr. Law, sec. 272. Time and place must be attached to every material fact averred. Whart. Cr. Law, 261, 272; *The State* v. *Walker*, 14 Mo. 398; *Roberts* v. *The State*, 19 Ala. 526; *State* v. *Hamman*, 39 Mo. 337; *The People* v. *Littlefield*, 5 Cal. 355.

*George McCormick*, Assistant Attorney General, for the State.

Ector, P. J.    The appellant, together with one Montgomery, was indicted in the district court of Bexar county, Texas, charged with the theft of a "heifer." The appellant alone was tried and convicted by the jury, and his punishment assessed at two years in the penitentiary.

The indictment is as follows: " In the name and by the authority of the state of Texas. The grand jurors of Bexar county, state of Texas, duly elected, tried, impaneled, sworn, and charged, at a term of the district court of Bexar county, beginning on the first Monday of May, A. D. eighteen hundred and seventy-six, to inquire for the body of said county of Bexar, upon their oaths, in said district court of Bexar county, present that Alfred Harris and one Montgomery, whose given name is unknown to the jurors, on the 19th day of the month of April, in the year of our Lord one thousand eight hundred and seventy-six, in said county of Bexar, state of Texas, did unlawfully, fraudulently, and feloniously take, steal, and carry away one head of cattle, to wit, one heifer, of the value of ten dollars,

the property of Gustave Knaube, and from the possession of said Gustave Knaube, and with the fraudulent and felonious intent to deprive the owner, Gustave Knaube, of the value of the same, and with the fraudulent and felonious intent to appropriate the same to the use and benefit of them, the said Alfred Harris and Montgomery, whose given name is unknown to the grand jurors aforesaid, contrary to the statute and against the peace and dignity of the state." (Signed.)   "Joseph Deutz, foreman of the grand jury;" and indorsed, "Filed May 6, 1876, Geo. R. Dashiel, Clk. D. C. B. Co."

Immediately preceding the copy of the indictment in the transcript is the following entry in the record before us, with the word "Presentment" written in the margin: "Saturday, May 6, A. D. 1876.    *    *    *

"The grand jury came into open court, and, the names of the grand jurors having been called and a full and legal quorum found present, they presented the following bills of indictment, viz.:    *    *    *

*The State of Texas* v. *Alfred Harris and Montgomery.
    No. 2.    Theft of cattle."    *    *    *

The defendant in the lower court has assigned as errors committed on the trial of this cause the following, to wit:

"1st. The ruling of the court in overruling defendant's motion to quash the indictment in this cause.

"2d. That the court erred, in its 3d and 4th instructions to the jury, in defining theft without charging the whole law applicable to the case under a charge of the theft of a live animal.

"3d. That the court erred in refusing to give to the jury the 1st charge asked by the defendant.

"4th. That the court erred in refusing to give to the jury the 2d charge asked by the defendant.

"5th. That the court erred in refusing to give to the jury the 3d charge asked by the defendant.

"6th. That the court erred in refusing to give to the jury the 5th charge asked by the defendant.

"7th. That the court erred in overruling defendant's motion for a new trial.

"8th. That the court erred in overruling defendant's motion in arrest of judgment."

We believe it does appear from the record in this case that the indictment was presented in a court having jurisdiction of the offense charged therein. It does contain the full name of the defendant on trial, and the surname of the other defendant is stated, with the averment that his given name is unknown to the grand jury. In this respect it complies with the 4th requisite of an indictment under our statute, which is as follows: "It must contain the name of the accused, or state that his name is unknown." When the surname of a defendant is known and is given in the indictment, and his given name is unknown, we think it is a sufficient description of the accused for the indictment, as in this instance, to state his surname, and that his given name is unknown to the grand jury, without assigning any fictitious name as a description of him.

The counsel for the appellant in his able brief states that the intent to defraud, and the intent to appropriate, are distinct and material necessary allegations in a charge of theft, and should be averred with time and place, and that the mere conjunction "and," without the words "then and there," is insufficient to extend the original allegation of time to the averments thus introduced; and, in support of his position, he has referred us to Mr. Wharton's valuable work on Criminal Law, 261, 272, and several authorities from other states.

It may be admitted that, under the common-law authorities, his position is correct. The same strictness of pleading in this respect has not been held requisite since the adoption of our Penal Code and Code of Criminal Procedure.

Since their adoption there is less strictness in forms, and less adherence to technical niceties, than were observed before in our courts. The spirit and general design of the Code was to reform the criminal law in this respect, the object being the better to prevent, suppress, and punish crime.

Article 25 of the act to establish the Code of Criminal Procedure provides that "the provisions of this Code shall be liberally construed, so as to attain the objects intended by the legislature—the prevention, suppression, and punishment of crimes." Pasc. Dig., Art. 2491.

This point has been expressly decided by our supreme court in a very recent case, in which the defendant was indicted for assault with intent to murder. The court says: "The other objection, as to the venue, is not well taken. The venue is properly set out in the first part of the statement of the offense, in which the assault is formally charged, and every other material averment is properly connected with it by the word 'and,' so as to make the whole transaction to have taken place in Rusk county." We believe that the offense is set forth in the indictment in plain and intelligible words.

The 3d and 4th instructions given by the court to the jury, which are assigned as error, are as follows:

"3d. Theft is defined to be the fraudulent taking of corporeal personal property, belonging to another, from his possession, or from the possession of some person holding the same for him, without his consent, with the intent to deprive the owner of the value of the same, and to appropriate it to the use or benefit of the person taking.

"4th. If you believe from the evidence that the defendant is guilty of theft as defined, and of the theft of the heifer belonging to the said Knaube as charged in the indictment, you will find a verdict of guilty, and you will assess the penalty therefor at confinement in the penitentiary for a term of not less than two years nor more than five years."

The charge of the court, as a whole, fairly presented the law of the case, as applicable to the evidence, to the jury.

We think the court refused properly to give the instructions asked by the defendant. The indictment charges that the heifer was taken from the possession of Gustave Knaube, the owner, without his consent, and this was one of the facts the jury, under the charge of the court as given, was required to find, beyond a reasonable doubt, before they could return a verdict of guilty. The charge of the court contains the substance of the 1st instruction asked by the counsel for the defendant. The 2d charge asked would have been a charge upon the weight of evidence.

Whenever there is any testimony from which the jury might infer that the property alleged to have been stolen was taken by the accused under an honest and *bona fide* claim of ownership, or that the taking was not with a fraudulent intent, a charge should be submitted to the jury drawing the distinction clearly between theft and trespass; and, whenever the presiding judge has any doubt as to the propriety of such instructions when asked, it would be well to give them. It is seldom the case that such a charge would prejudice the state.

The testimony shows to our satisfaction that the heifer described in the indictment was the property of Gustave Knaube; that it was fraudulently taken from his possession by the defendants, Harris and Montgomery, without his consent, with the intent to deprive the owner of her value, and with the intent to appropriate her to the use and benefit of said defendants, as charged in the indictment.

Knaube says he was out hunting for his mules and cows, and that, in the accustomed range where his heifer used to be, he found her killed, and the defendants skinning her where she had been recently killed. When questioned about it, they made contradictory statements as to how they came by the property, and on the trial their statements

made when first found in possession of the stolen property were not corroborated by their own witnesses on the stand, and for this reason we conclude that the 3d instruction asked by the defendants was properly refused.

The counsel for the appellant, both in his brief and oral argument, insists that the judgment of the lower court, if for no other reason, must be reversed because " the record in this case assumes to set out the oath of the jury, but shows one different from that required by the Code (Pasc. Dig., Art. 3029), which is error, apparent of record, that will be noticed without any special exception or assignment of error." He has referred us to a number of cases decided by our supreme court and by this court, wherein, he says, such error was held fatal.

The judgment in this case, after the arraignment, plea of not guilty, etc., recites : " When came a jury of twelve good and lawful men, to wit, S. Meza, Fermin Martinez, W. Lang-well, H. R. Wilke, Antonio Lopez, A. F. Miles, Arthur Langwell, Cleofas Ximenes, John McConnell, Manuel Martinez, H. M. Newton, and Barney Mitchell, who were duly elected, impaneled and sworn according to law to try said defendant."

The only question for us to determine is as to whether the words "to try said defendant" are merely surplusage, or do they mean that the oath was really administered in that form. We believe that the words " to try said defendant" convey the idea simply that the jury was sworn according to law, and not in the words used in the judgment.

We are fully sustained in this view by the opinion of our supreme court in the case of *Anderson* v. *The State*, in which it says : " Another objection taken to the conviction in this case is that it appears from the judgment entry in this case that the jury was sworn well and truly to try the case. The question arising upon this was whether this means that the jury was sworn for the purpose of trying the

case, the words ' well and truly to try the case ' being sur-
plusage ; or does it mean that the oath that was adminis-
tered to the jury was administered in that form? If the
former, it would be sufficient ; if the latter, it would be bad
under very many decisions formerly, as well as very lately,
made by this court on this subject. We think that the
words do not convey the meaning that the oath was admin-
istered to the jury in that or any other form, but to convey
the idea simply that the jury was sworn in the case, which
is about equal to saying the jury was sworn." 42 Texas,
391.

We are of the opinion that there is no error in this case
that would require its reversal, and, therefore, the judgment
is affirmed.

*Affirmed.*