## Henry Smith v. The State.

1. Practice in this Court. — In misdemeanors, unassigned errors will not be noticed unless they go to the foundation of the action.

2. Oath to Jury. — Recital that the petit jury were "sworn according to law to try this case" imports, not that the oath was administered in those terms, but that, for the purpose of the trial, the jury were sworn according to law. The words "to try this case" are mere surplusage, and do not vitiate.

3. REPUGNANCY IN RECORD.—When a bill of exceptions contradicts the record as to a specific fact, the bill controls, and its averments will be considered correct. This rule, however, does not apply if, as in the present case, the repugnancy is only apparent, resulting from mere matter of recital in the bill, such as quotations from an overruled motion for a new trial.

4. PLEA—PRACTICE.—Notwithstanding record entries to the contrary, if the fact was that the defendant was tried and convicted without a plea of not guilty having been either made by or entered for him, it was his right to assert that fact in the court below, offering proof *dehors* the record; and to the ruling of the court thereupon he was entitled to his bill of exceptions, duly setting forth such matter, authenticated by the judge, or on his refusal, by bystanders.

APPEAL from the County Court of Upshur. Tried below before the Hon. T. J. LOWE.

The matters of record underlying the rulings are explicitly disclosed in the opinion.

The information charged the appellant with the theft of 50 cents' worth of corn. The jury assessed him a fine of $50, and seven days' imprisonment in the county jail.

*McCord & Duncan*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WHITE, J. It is argued that though there is no assignment of errors, the two errors complained of are not only apparent, but also fundamental, and will, therefore, be considered by this court. It is a settled rule of practice in misdemeanor cases that, where errors are not assigned, only such will be noticed by this court as go to the foundation of the action. *Phants* v. *The State*, 2 Texas Ct. App. 398; *Heilbron* v. *The State*, 2 Texas Ct. App. 537; *Booker* v. *The State*, 3 Texas Ct. App. 227.

The first error claimed by appellant is that the jury were not sworn as prescribed by law. Pasc. Dig., art. 3029.

The recital in the judgment is: "Where, upon cause, a jury of lawful men, to wit, J. W. Hewlett and five others, who, having been duly impaneled *and sworn according to law to try this case*," etc. A similar question was raised in *Harris* v. *The State*, 2 Texas Ct. App. 102, and it was there held that "a recital that the jury were 'sworn according to law to try the said defendant' does not import that the jury oath was administered in those words. It is merely a recital that, for the purpose of trying the cause, the jury were sworn according to law." And in that case it was further said: "We are fully sustained in this view by the opinion of our Supreme Court in the case of *Anderson* v. *The State*, in which it says: 'Another objection to the conviction in this case is, that it appears from the judgment-entry in this case that the jury was sworn well and truly to try the case. The question arising upon this was whether this means that the jury was sworn for the purpose of trying the case, the words 'well and truly to try the case' being surplusage; or does it mean that the oath that was administered to the jury was administered in that form? If the former, it would be sufficient; if the latter, it would be bad under many decisions formerly, as well as very lately, made by this court on this subject. We think that the words do not convey the meaning that the oath was administered in that or any other form, but to convey the idea, simply, that the jury was sworn in the case, which is about equal to saying that the jury was sworn.'" 42 Texas, 391.

And so, in this case, we think the words "to try this cause" are simply surplusage, and do not show that an oath other than the statutory one was administered.

As to the second error complained of, the following facts appear: Upon page 4 of the transcript, and immediately following the indictment, is to be found an entry in the following words, viz.:

" *Pleas of Defendant. No. 100. The State of Texas* v. *Henry Smith.*

" This cause being called, and defendant having failed to plead, the plea of not guilty was entered for him."

Following this entry is the verdict and judgment, in these words, viz. :

" *No. 100. The State of Texas* v. *Henry Smith.*

"Now at this term of the court came the parties, the State being represented by J. D. Peteet, county attorney, and the defendant appearing in person and by attorney, and announcing ready for trial, defendant having failed to answer, the plea of not guilty was entered for him." The charge of the judge, as copied in the record, also states that defendant has pleaded not guilty.

The defendant, having been convicted, made a motion for a new trial, which was overruled by the court, and a bill of exceptions saved to the ruling. We copy this bill of exceptions, which is in these words, viz (after stating the case) : "Be it remembered that upon the trial of the above entitled cause, at the December term, 1877, after the jury returned a verdict of guilty, the defendant, by his attorneys, filed a motion for a new trial, setting up their grounds for new trial :

"1. Because the jury found contrary to the law and the evidence.

"2. That the verdict of the jury was excessive.

"3. Because the information was not read to the jury, nor was defendant called upon to plead, nor was the plea entered for him, nor did he plead to the information ; all of which being sworn to by the defendant's attorneys, said motion being presented, the court overruled the motion, to which ruling of the court the defendant, by his attorneys, excepted, and gave notice of appeal to our Court of Appeals of the State of Texas, and here tenders this, his bill of exceptions."

The judge's indorsement is in these words: "The above and foregoing bill of exceptions having been presented after the return of verdict of the jury finding the defendant guilty, the cause having been submitted to the jury after the evidence closed, without argument, the same is allowed and ordered to be filed.    Dec. 6th, 1877."

Now, the point made by appellant is that this bill of exceptions shows — the previous portions of the record, as quoted, and the charge of the court to the contrary notwithstanding — that actually and in fact there was no plea entered for defendant.

It is a rule well settled that where a bill of exceptions allowed by the court contradicts the record as to a specific fact, the bill will be held to control and state the fact correctly.    This rule, however, does not apply as to the point sought to be made here.    The specific fact, and the only specific fact, established and sought to be established by the bill was, as we apprehend, that the defendant's motion for a new trial had been overruled, and not that the court intended to admit and certify the fact that the grounds set out in the motion were true and well taken.    No other construction is warranted by the bill, as stated.    Else why, if it be held to certify the fact that no plea was entered, might it not with the same propriety be held that the bill also certifies as facts the two other grounds of the motion, viz.: "1st, that the verdict of the jury was contrary to the law and the evidence ; 2d, the verdict of the jury was excessive."

We cannot believe that the court, in allowing the bill, ever intended to admit as a fact that the verdict was contrary to the law and the evidence, or that it was excessive, and yet at the same time have placed itself upon the record as having refused him a new trial, in the face of such facts. To do so would be worse than absurdity ; it would be equivalent to a criminal stultification of itself by the court.    We cannot believe such to have been the intention of the court ;

·we will rather presume that the record speaks the truth when it declares that a plea was entered for the defendant upon his failure to plead, and that the bill of exceptions was only intended to do that which it alone does do — es-·tablish the fact that the motion for a new trial was overruled. If it had been a fact that no plea was entered, the defendant could have presented that specific fact, with an offer of such evidence *aliunde* to establish it as might have been had by way of a bill of exceptions, to the court; and in case the court should have refused to allow the· bill, then ·he had his remedy by applying to, and having the bill signed by, bystanders. Had the fact been made to appear that no plea was entered in the case, under repeated decisions of this court we would have felt bound to reverse the judgment. But no such fact appearing, nor, indeed, any other material error in the record before us, the judgment is affirmed.

*Affirmed.*