# W. H. RAINBOLT v. THE STATE.

1. Notwithstanding that the recognizance for appeal in this case was not in compliance with the statute, inasmuch as the principal and the sureties were jointly and not separately recognized; yet, as the recognizance is deemed to be binding upon the parties, the court overrule a motion to dismiss for want of a sufficient recognizance.

2. An indictment for assault with intent to murder charged that the defendant made the assault "with a certain pistol then and there presented, then and there within carrying distance," loaded, etc. It was objected, on motion in arrest, that the allegation does not sufficiently charge an "ability to commit a battery." *Held*, that the objection was not well taken, and the motion in arrest was properly overruled.

3. In a sudden quarrel, the defendant and his antagonist both drew their pistols, confronting each other within shooting distance. Defendant did not present his pistol at his antagonist, but threatened to shoot him if he cocked his pistol; when bystanders interfered, and the affair ended. *Held*, that the evidence did not warrant a conviction of an assault; and the defendant's motion for a new trial should have been granted.

APPEAL from Rusk. Tried below before the Hon. J. B. Williamson.

The appellant was convicted of an aggravated assault, on an indictment for an assault with intent to murder. The appeal bond recited that now comes Rainbolt as principal, and two others "as his securities, who each acknowledge himself to owe and be indebted to the State of Texas in the sum of five hundred dollars, to be levied of his respective goods," etc.

The second head note sets forth the only allegation in the indictment, tending to aver a present "ability to commit a battery," and indicates the objection insisted upon in support of the motion in arrest of judgment.

The facts were very few and simple, and the opinion of the court substantially sums them up. The case was one of a sudden

quarrel between friends, arising out of a joke practiced by one upon the other. Both drew pistols, and the preponderance of the evidence was that the party charged to have been assaulted drew first. No actual attempt to shoot seems to have been made by either; but the defendant told the other, once or twice, not to cock his pistol, or he, defendant, would shoot him. The verdict was guilty of an aggravated assault, with a fine of one hundred dollars. A new trial was refused, and defendant appealed.

*Parsons. & Jones,* for the appellant.

*Wm. Alexander,* Attorney General, for the State.

OGDEN, J.—The attorney general has filed a motion to dismiss this case for the want of a proper recognizance. The recognizance is not in compliance with the statute, but we think the parties would nevertheless be bound by it. The statute requires, or rather indicates, that the principal and securities should be separately bound, whereas the recognizance in this case is joint. And while it is believed to be the better practice to follow the statute in such cases, yet as we think the parties may be held responsible under their joint recognizance, we are not inclined to sustain the motion to dismiss.

The indictment in this case is sufficient to sustain the judgment, and therefore the court did not err in overruling the motion in arrest of judgment; but we think there was error in overruling the motion for a new trial. The evidence is totally insufficient to support any verdict or judgment; indeed the witnesses for the State prove most positively that the defendant made no assault at all. It is true they prove that he had a pistol in his hands, and threatened to shoot Patrick, if he should cock his pistol. This proves no assault, but on the contrary it proves no intent to commit an assault, unless the other should attempt to shoot him. Under the

proof the defendant should not have been found guilty, and was therefore entitled to a new trial; and for the error of the court in refusing a new trial the judgment is reversed, and the cause remanded.

                                        Reversed and remanded.