## AGITONE v. THE STATE.

ASSAULT WITH INTENT TO KILL AND MURDER.—The defendant drew and pointed a pistol at the prosecutor, who had just abused and cursed him, and was then walking toward his gun. The following instruction was given by the court, viz: "If the pistol was not loaded, it was incumbent on the defendant to have shown it; and if the instrument used was one likely to produce death, the law presumes the purpose of the assailant was to produce death:" *Held*, to be error.

APPEAL from Frio. Tried below before the Hon. James A. Ware.

Agitone was charged in the indictment with making an assault on Samuel P. Bascom with intent to murder him. The testimony disclosed the following facts: Agitone and his companion were eating their dinner in camp when Bascom approached him and indulged in cursing and abusing him. Upon this Agitone told Bascom not to curse him,

whereupon Bascom turned and walked toward a gate at which his gun had just been left. Agitone followed him, and drawing his pistol, presented it. On this Bascom ceased going toward the gate where the gun was, and Agitone put his pistol in the scabbard, and throwing it upon the ground, offered to fight Bascom a fist fight. No one saw the pistol cocked, and no one prevented Agitone from shooting. It seems from the testimony that the anger of Bascom found expression in vigorous English, that of Agitone in the Spanish language, and each party understood but little of the language used by the other. There was a verdict of guilty, and Agitone's punishment assessed at two years in the State penitentiary, from which he appealed.

*George Clark, Attorney General,* for the State, conceded that the evidence did not authorize the verdict.

ROBERTS, CHIEF JUSTICE.—Under the evidence, the jury were justified in concluding that Agitone pointed a cocked pistol at Bascom, and the real question in the case was, with what intention was it so pointed. Was it pointed at him with the intention of then shooting him as he went off, and he was only prevented from doing it by the interference of his comrade, Pancho? or was it pointed at him with the intention of being in readiness to defend himself in the event Bascom got his gun at the gate, towards which he was then going, and sought to use it against defendant? If by the latter intention he was actuated in pointing the pistol at Bascom, and the jury so believed from the evidence, they should not have found the defendant guilty of an assault with intent to murder, as they did. That issue involved the law of the case, according to the evidence before the jury. It was not presented in the charge of the court, nor did any part of the charge convey any such idea, or admit of any such conclusion on the part of the jury. The concluding portion of the charge was calculated

to produce an impression the reverse of this. It was as follows: "You are further instructed that if the pistol was not loaded, it was incumbent on the defendant to have shown it; and if the instrument used was one likely to produce death, the law presumes that the purpose of the assailant was to produce death." When it is considered that the fact of pointing the pistol by the defendant at Bascom was proved by two witnesses, this charge left the jury no alternative but to find the defendant guilty of the assault with intent to murder; for by that act he was the assailant, and the pistol being presumed to be loaded, and being pointed at Bascom, it was an instrument used by defendant that was likely to produce death, and from which the law would presume, and of course the jury were forced thereby to presume, the important fact that the defendant intended to kill Bascom. This might have justified the jury in presuming the fact of intention to kill, if there were no other facts or circumstances which led their minds to a different conclusion. But if presumed at all, it is a presumption of fact, and not a presumption of law, and it was therefore error in the court to so charge the jury. Being upon the main matter in issue, under the facts as proved, such charge was well calculated to mislead the jury as to the proper law of the case upon which their verdict was to be found.

In one view of the evidence, it may have been concluded by the jury, under a charge permitting such conclusion, that defendant supposed Bascom was going to the gate to get his gun to shoot him, and that he pulled out his pistol and had it ready and directed towards Bascom to prevent such anticipated injury.

In another view of it, the jury may have concluded that defendant did the act in pursuit of a motive of revenge for an insult, and that at the time intended to kill Bascom, and was only prevented from doing it by another.

As the case may be again tried, it may not be proper to

express any opinion as to which of these is regarded as the proper version of the evidence. The fact that there is evidence tending to establish these different versions requires that the jury should be instructed thereon, and left free to determine which is the correct one, as matter of fact, as they may believe it to be from all the evidence. And if it be a matter of reasonable doubt in their minds as to which of the two is the correct version of the facts, they cannot find the defendant guilty of an assault with intent to murder, as they have done on the trial, under the charge of the court as it was given to them.

For the error in the charge of the court the judgment is reversed and cause remanded.

REVERSED AND REMANDED.