### JOHN T. LEER *v.* THE STATE.

1. OATH TO THE JURY.—The judgment entry recites that the jury were "sworn according to law to try the issue joined between the parties." *Held,* that this recital shows that a different oath than that prescribed by law was administered to the jury, and no presumption to the contrary can be indulged.

2. CLERKS, in entering up final judgments, should either recite the jury oath correctly, or content themselves with stating that the jury were "duly sworn," or were "sworn according to law."

APPEAL from the District Court of Tarrant. Tried below before the Hon. J. A. CARROLL.

The indictment was for assault with intent to murder F. W. Ball. The jury returned a verdict of guilty of aggravated assault, and assessed the punishment at a fine of $1,000 and two years' imprisonment in the county jail.

The frequent occurrence of the error for which this judgment was reversed elicited from the assistant attorney general some comments which will be found worthy the serious consideration of judges, prosecuting attorneys, and clerks of courts.

No brief for the appellant.

*George McCormick,* Assistant Attorney General, for the State. Appellant was justly convicted by the jury, who assessed his punishment at a fine of $1,000 and confinement for the term of two years in the county jail.

But the judgment must be reversed because it appears

from the record that another and different oath was admin-
istered to the jury than the one prescribed by law.

It seems strange that, after the repeated decisions of this
court, and the many circulars and letters sent from the office of
the attorney general, calling the attention of judges, county
attorneys, and clerks to the statute and the opinions of the
court upon the form of the oath to be administered to the
jury, such errors as this record presents should continue to
be made. Yet it is so ; and those who place men in office,
and retain them there, who either do not understand their
duties or will not learn them, need not complain at the
expense uselessly entailed upon the country, nor that criminal
prosecutions are thereby made farcical.

ECTOR, P. J.    The judgment in this case must be reversed
because it appears from the record that another and different
oath was administered to the jury than the one prescribed
by law.    Any other oath than the one prescribed is, in con-
templation of law, no oath.    If the judgment had recited
that the jury were " duly sworn," or that the jury were
" sworn according to law," it would be sufficient ; the court
would presume that the proper oath was administered to
the jury.    But the oath administered in this case is set
forth in the record, and " no presumption can be indulged
to impeach its verity."

In the case of *Edmondson* v. *The State*, 41 Texas, 501,
our supreme court say : " The record recites that the jury
were ' sworn to well and truly try the issue joined between
the state of Texas and Luke Edmondson.'    This is not the
oath required by law to be administered.    If the record
assumes to set forth the oath, it should do it correctly.    It
is sufficient, however, if it states that the jury were sworn
' according to law,' without attempting to set out the oath,.
and that, we think, is the better plan."    See, also, *Arthur* v.
*The State*, 3 Texas, 405 ; *Bawcomb* v. *The State*, 41 Texas,.

191; *Martin* v. *The State*, 40 Texas, 19; *Smith* v. *The State*, 1 Texas Ct. of App. 408.

We find no other error committed on the trial of the cause that would require a reversal.

*Reversed and remanded.*