## S. B. EVERETT *v*. THE STATE.

1. MINUTES OF COURT.—The record of every criminal case should show the issue joined between the State and the accused. If the accused, when called on to plead, stands mute, the plea of not guilty must be entered for him upon the minutes of the court.

2. OATH TO THE JURY.—The judgment entry recites that the jury were "sworn according to law to try the issue joined between the parties." *Held,* that this recital shows that a different oath than that prescribed by law was administered to the jury.

3. CLERKS are admonished either to recite the jury oath correctly, or else to merely state that the jury were "duly sworn," or "sworn according to law." The latter plan is commended to them as the better one.

APPEAL from the County Court of Coleman. Tried below before the Hon. J. F. MILES, County Judge.

No brief for the appellant.

*George McCormick,* Assistant Attorney-General, for the State.

ECTOR, P. J. We propose to notice only the second and fourth errors assigned by defendant. The second error assigned is " that the court erred in rendering judgment for the State without entering the plea of not guilty."

In every criminal case, after the indictment is read and the defendant is called upon to plead to it, if he pleads not guilty, the plea should be entered on the minutes of the

court; or, if he refuses to answer when called on to plead, the plea of not guilty should be entered on the minutes of the court. The record should, in all criminal cases, show the issue joined between the parties. See Code Cr. Proc., arts. 472, 473, 480.

The fourth error assigned is "that the court erred in administering another and different oath to the jury to that prescribed by the statute."

In this case the record recites that the jury "were duly impaneled, tried, and sworn according to law to try the issue joined between the parties." This is not the oath required by law.

In the case of *Edmondson* v. *The State*, 41 Texas, 501, the record recites "that the jury were sworn to well and truly try the issue joined between the State of Texas and Luke Edmondson." Our Supreme Court say this is not the oath required by law. In the case of *Bawcom* v. *The State*, 41 Texas, 189, the record recites that the jury were "duly impaneled and sworn to try the issue joined between the parties, upon defendant's plea of not guilty," etc. *Held*, error. In the case of *Leer* v. *The State*, 2 Texas Ct. App. 495, the judgment entry recites that the jury were "sworn according to law to try the issue joined between the parties. *Held*, that the recital shows that a different oath was administered to the jury than that prescribed by law, and that no presumption to the contrary can be indulged." Clerks in entering up of final judgments should either recite the oath taken by the jury correctly, or content themselves with stating that the jury were "sworn according to law;" which last plan we think the better one.

The judgment of the County Court is reversed and the cause remanded.

*Reversed and remanded.*