## D. N. WALKER *v.* THE STATE.

ASSAULT WITH INTENT TO MURDER. — The accused, while intoxicated and without provocation or known grudge, fired his pistol towards his friend. and missed him though but seven or eight feet distant. *Held*, that the material question thus raised was whether the accused fired at the party with the purpose of striking him, or shot in mere bravado; and this issue should have been submitted to the jury directly and distinctly, and not by mere implication. A charge was erroneous which in effect assumed the purpose to strike, and instructed the jury that the law implied malice from the deadly nature of the weapon used.

APPEAL from the District Court of Johnson.     Tried below before the Hon. J. ABBOTT.

The opinion states the material facts.

*Poindexter & Bradshaw*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J.    The material facts developed by the prosecution in this case were briefly and substantially as follows: In June, 1874, the defendant was in a drug-store in the town of Alvarado, Johnson County, in a state of intoxication, and presumably attempting to negotiate with the clerk with a view to procuring more liquor.    His friend and partner, George Crump, accompanied by W. L. Combs, came into the store and found defendant standing at or near the counter, with a five-dollar bill in his hand.    Upon the entrance of these parties, the defendant asked Combs if he (Combs) thought it right to charge him a per cent on this prescription, — calling his five-dollar bill a prescription for whiskey.    Combs replied, "No; but that is money, and not a prescription for whiskey."    The defendant then asked Crump the same question, to which Crump replied that he did not understand him.    The defendant replied: "You are a damned fool."    To which Crump replied, "Newt, I am a white man and a gentleman, and don't want any trouble or difficulty with you."    And to this the defendant rejoined, "No, you are a damned nigger."

About this time Crump started out of the store, and was some seven or eight feet from the defendant, going toward the door, when the defendant drew a pistol and fired in the direction of Crump.    The most disinterested witness for the State testified that the ball must have missed Crump eighteen inches or two feet; and this opinion is based upon the position of the parties, which is specifically described, and the place in the door which the ball entered.    Crump,

however, testified (and he was the only other witness for the State) that the concussion or the bullet shocked him very much, and about an hour after the difficulty he discovered a bruised place on his cheek, which he thought must have been made by the bullet. There was evidence that Crump assisted the other witness in disarming the defendant after the shot was fired. The defendant, being indicted for an assault with intent to murder, has been convicted of that offence, and prosecutes an appeal to this court.

The most material inquiry arising upon this state of facts is, Did the defendant shoot at Crump? If he did in fact shoot at him, purposing and intending that the missile fired should strike his person, then under the law he would be guilty of the offence charged, no matter whether the missile reached and took effect as desired and intended or not, and no matter whether at the time the defendant was drunk or sober. This latter remark is based upon the condition of the defendant as it appears in the evidence, and is not intended as laying down a rule that in all prosecutions of this character drunkenness must be held as immaterial. But if the shot was not in truth fired at Crump, and it was not *designed* and *intended* that it should strike him, but the act was perpetrated in a spirit of drunken bravado only, then, no matter how reprehensible the act may have been, nor how much it may be very justly condemned, yet the defendant ought not to suffer the penalty for an assault with intent to murder, but for some other offence designated and described in our statute laws.

The charge of the court did not submit this decisive issue to the jury, except inferentially, and that so remotely that the jury were likely not to perceive it, and most probably did not perceive it. As it was the very issue upon which the guilt or innocence of the defendant necessarily turned, its importance to him, as well as to a proper administration of the law applicable to this case, cannot be overlooked. The answer to this question solved the case; and it should

have been placed before the jury in so clear a manner that they could not have mistaken it.

Instead of doing this, the court instructed the jury as follows: "When one person shoots at another with a loaded pistol, within carrying distance of such weapon, the same being a deadly weapon, the law presumes the person so shooting intended to kill the person shot at; that is, the law does not require proof that the same was done with malice, but implies or imputes malice to the person so shooting; and if the death of the person shot at is thereby caused, the killing will be with implied malice, and murder of the second degree, unless there are circumstances in proof that will reduce the killing to a degree or grade below murder, or which excuse or justify the act." This charge, as applicable to the case, was erroneous in more than one particular. It assumes that the defendant shot at the alleged injured party, which was the very fact it was devolved upon the jury to find. Starting with this assumption of a most material fact, it then informs the jury that there was no further fact to find, but that the law came in with its presumption and decreed that the person shooting necessarily intended to kill the person shot at. Under this instruction the jury could not well have done otherwise than convict. *Agitone* v. *The State*, 41 Texas, 501.

Again, the court further instructed the jury as follows: "When an unlawful killing is shown to have been done, it devolves upon the defendant to show facts or circumstances which will reduce or mitigate the offence, or which will excuse or justify the act. Such unlawful killing is on implied malice, and is murder of the second degree." This charge was given in connection with an explanation of murder and the statutory test for assault with intent to murder, which is, Had death ensued, would the offence have been murder? As an abstract exposition of the law it is erroneous, and we cannot say necessarily harmless to the defendant on trial, when taken in connection with other parts of

the charge. Even when an unlawful killing is shown, the burden is only on a defendant to show excuse, justification, or mitigation, when the same does not arise out of the evidence against him. *Hall* v. *The State,* Galveston term, 1875; *Perry* v. *The State,* 44 Texas, 478; *Brown* v. *The State,* 4 Texas Ct. App. 275; *Ake* v. *The State,* 6 Texas Ct. App. 398; *Leonard* v. *The State, ante,* p. 417.

For error in the charge of the court, the judgment is reversed and the cause remanded.

*Reversed and remanded.*