[No. 1505.]

### Jerry Mathena v. The State.

1. Recognizance—Bail Bond.—When construed together, the various provisions of the Revised Code of Procedure on the subject of bail require that the sureties in a recognizance or a bail bond shall each be severally bound for the payment of the entire amount for which their principal is bound. The liability of such sureties is several as well as joint, and no surety can now limit his liability to a fraction of the entire amount. See Code of Criminal Procedure, Articles 283, 287 and 306.

2. Same.—The Code having thus expressly fixed the nature of the liability of such sureties, the validity of a recognizance or a bail bond is not impaired by its failure to stipulate expressly that they bind themselves *severally*.

3. Same.—Article 852 of the Code of Procedure prescribes a form for a recognizance on appeal in a misdemeanor case, and a failure to conform to it is an inexcusable dereliction from official duty.

4. Same.—Recital in a recognizance on an appeal that the principal cognizor has been convicted of "swindling" sufficiently states the offense of which he was charged in the trial court.

Appeal from the County Court of Matagorda. Tried below before the Hon. W. S. Stewart, County Judge.

The case is sufficiently stated in the opinion. At a subsequent page will be found the report of this case on the hearing upon the merits.

*J. H. Burts,* Assistant Attorney General, moves to dismiss the

appeal in this case for reasons disclosed in the opinion of the court.

No counsel for the appellant.

WHITE, PRESIDING JUDGE.   A motion is made by the Assistant Attorney General to dismiss the appeal in this case because the recognizance is supposed to be defective in that " the principal and sureties are not *severally* bound; and because it does not appear from the recognizance that appellant stands charged with any offense in the court below."   It is recited in the recognizance that the principal and sureties (naming them) " acknowledged themselves bound and indebted to the State of Texas in the penal sum of one hundred dollars," etc.

Because the form prescribed for recognizance by Article 852 of the Code of Criminal Procedure provides that the obligors shall " acknowledge themselves *severally* indebted to the State of Texas," and because Article 853 makes the jurisdiction of this court dependent upon the fact that the recognizance is in substantial compliance with the form set forth in Article 85., it is insisted that the jurisdiction has not attached, and that the appeal should be dismissed.   Some confusion upon this question seems to exist, occasioned doubtless by apparently conflicting decisions.   Without attempting to reconcile these conflicts, we propose to lay down a rule which, in our opinion, appears consonant both with reason and with the intent of the statutes upon the subject, taken and construed together.

Under our practice, established by the Code, it is evident that the intention is to bind the obligors in a recognizance severally; that is, to make each and all severally liable for the payment of the full amount of the recognizance or bond.   Before the revision of the Codes, the sureties could fix the amount of their liability at a sum less than the whole amount for which the principal was bound.   They could assume liability for only a proportionate part of the whole, by stipulating for the exact amount for which they became surety.   Where such was the case, the object, or rather one of the objects, of the statute was to protect and limit their obligation to the extent of the several undertaking, and exonerate them from liability for the whole amount of the bond or recognizance.

Now, however, they cannot sever the amount of the obligation, and all must unite in making themselves liable for the full

sum for which the principal is bound; and in our opinion they are each bound for that amount, both jointly and severally. They are jointly bound by virtue of the undertaking, but are severally bound because *the law* fixes their *status* as that of several, and not joint, obligors. This is made manifest by the terms of Article 306 of the Code of Criminal Procedure, wherein it is expressly provided that "in all recognizances, bail bonds, or other bonds taken under the provisions of this Code, the sureties *shall be severally* bound; and where a surrender of the principal is made by one or more of them, all the sureties shall be considered discharged, and the principal shall be required to give new bail as in the first instance." Besides this, it is provided by Article 287, Code of Criminal Procedure, that the recognizance must show that the sureties are indebted in such sum as is fixed by the court. (See, also, Art. 283.) In other words, whilst the undertaking may be in terms joint, the liability is in fact several, made so by law. Not, indeed, to the extent that a judgment could and should be collectable against each, for the amount after forfeiture, but, as in the case of surrender by one of the sureties, mentioned in Article 306, whilst each and all are liable individually, and payment can be exacted of each, the payment by any one is a full and complete settlement and satisfaction for all. Each one is severally liable for the judgment in the full amount, but when any one is made to pay, or has paid it, that is full satisfaction and an end of the law as to all.

This construction of the law in its several provisions appears to us both reasonable, harmonious and consistent with its manifest and pervading intention. It follows that it does not matter if the bond or recognizance be in its terms joint or several; in law it is several. (*Rainbolt* v. *The State,* 34 Texas, 286.)

Even in a case where the recognizance was both joint and several it has been held, since the revision of the Codes, that such an obligation was not more onerous than if their obligation was several, and therefore that such an obligation did not impair the validity of the bond. (*Fulton et al.* v. *The State,* 14 Texas Ct. App., 32.)

Since, under the existing law, the sureties cannot sever the amount of liability, but must be each bound for the full amount for which the principal is bound, we cannot see how the fact that the undertaking is joint can affect the rights of the State. As between themselves it is true that a question of apportion-

ment and contribution might be raised where one or more had paid the entire amount and others had paid nothing.    But the State has no interest in such a question, one payment being a full satisfaction and an end of the law so far as she is concerned.

Whilst we hold the recognizance to be good and valid, we cannot refrain from expressing our surprise that such questions should occur.    Our Legislature has gone to the trouble of providing a form in the statute (Art. 852), and why officers whose duty it is to take and prepare recognizances will persist in ignoring such forms and creating all such unnecessary discussions, is something we cannot reconcile with our ideas of a proper discharge of official duty.    If no form had been prescribed, some excuse might be offered for occasional mistakes; but where the form is so plain and explicit, a failure to follow it is without excuse.

The motion of the Assistant Attorney General is overruled because the recognizance is deemed sufficient to hold the obligors severally bound.

As to the other objection, that the recognizance does not state the offense with which defendant stands charged in the court below, it is stated that the recognizance is for the appearance of Jerry Mathena, who has been convicted of swindling.    If Jerry Mathena was convicted of swindling, it will be presumed that he was charged with swindling.    If that was the offense, then, since that offense admits of no degrees, his appeal from the judgment of conviction would leave that still as the offense with which he was charged in the lower court.

The motion to dismiss is overruled.

*Motion overruled.*