## ANDY WHITE v. THE STATE.

### No. 7130.    *Decided May 30.*

1. **Assault—Intent.**—An assault necessarily includes the idea of intended unlawful violence toward the person assaulted. In every assault there must be an intent to injure. The test is, Was there a present purpose of doing an injury? If so, the acts will amount to an assault; otherwise they will not.

2. **Same.**—The use of a dangerous weapon in an angry or threatening manner with intent to alarm another and under circumstances calculated to effect that object, may constitute an assault. But to constitute an assault in such case the use of the weapon must be unlawful, which necessarily signifies aggression and offensiveness. If the weapon is used in lawful self-defense its use does not constitute an assault. The facts must show a present unlawful purpose to alarm another. See the opinion for evidence held insufficient to sustain a conviction for an assault.

APPEAL from the County Court of Lamar. Tried below before Hon. Charles S. Neathery, County Judge.

Conviction for aggravated assault. Punishment assessed, a fine of $25 and imprisonment in the county jail for thirty days.

The opinion states the evidence substantially.

*Park, Ownby & Dailey,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was charged by information in the County Court of Lamar County with making an aggravated assault upon one W. E. Caston with a gun, by using said gun in an angry and threatening manner with intent to alarm said Caston.

The evidence shows that the alleged injured party was a deputy sheriff who, with two others, went to the residence of appellant at night for the purpose of arresting him. They had no warrant for him, and no process of any kind for his arrest or detention. He had been tried some time previous to this occasion and fined in a Justice Court. During the trial he left the court where he was being tried. It was not testified that his arrest was sought because of this escape, if it was an escape, or that his departure from the Justice Court was treated as an escape. When the deputy sheriff and his *posse* reached appellant's residence he was not at home. These parties secreted themselves behind trees and about the chimney of the house. About the time this occurred appellant came walking up toward his house, and when he had reached within about fifteen or twenty feet of these parties they accosted him and inquired if it was appellant. He replied, "Yes, who are you?" The reply was that they were "officers." Appellant had his gun in his hands and raised it and commenced backing off from the officers, and continued to do so until he reached a pile of

brush, from which place he ran to his horse, got on him, and ran off. One witness testified that the gun was presented at him, but on cross-examination said that when he spoke to appellant the appellant simply elevated his gun and commenced backing off. The officers did not inform the appellant that they had a warrant for his arrest, and as a matter of fact they had none. One of the officers requested appellant not to shoot, accompanying that request with the threat that if appellant did shoot he, the officer, would "cut him in two." Appellant replied, "I am not going to shoot. Who are you?" Appellant then jumped behind a brush pile, ran to his pony, got on him, and said to the horse, "Now, G—d damn you, git." This witness further stated that it was dark, and "it was impossible for defendant to see who we were. Defendant's gun was not presented at Caston or any of us, but was simply elevated, and the muzzle was in our direction."

An assault necessarily includes the idea of intended unlawful violence toward the person alleged to have been assaulted. In every assault there must be an intent to injure. The test is, was there in fact a present purpose of doing an injury? If so, the acts will amount to an assault; otherwise they will not. Bell v. The State, 29 Texas, 492; Rainbolt v. The State, 34 Texas, 286; Walker v. The State, 7 Texas Ct. App., 627; Agitone v. The State, 41 Texas, 501.

The use of a dangerous weapon in an angry or threatening manner with intent to alarm another, and under circumstances calculated to effect that object, may constitute an assault. But the use of the weapon, as denounced, must be unlawful in order to constitute the assault. The term "unlawful" necessarily carries with it the idea of aggression and offensiveness. If the party using the weapon does so in defense of himself to repel actual or apparent danger under circumstances authorizing him legally to so do, he would not be guilty of an assault under the statute. The facts should show a present purpose to injure or alarm the person so assaulted or sought to be frightened.

It is not sufficient to constitute this offense that the weapon was displayed. It must be displayed in such manner as provided for by the statute in order to render the party liable to punishment. To use it defensively, when attacked, under such circumstances as are authorized by law could not make a party amenable to punishment.

Appellant, in so far as the facts manifest his purpose and intention, was not using his gun to alarm anybody so as to bring himself within the purview of the statute. He seemed to have been very much frightened himself at finding three men hidden behind trees at his house in the dark of night and armed, and so much so that he manifested great energy and earnestness in securing his flight and used some very vigorous language toward his pony, evidently intended as an inducement to that animal to speed his flight the more rapidly from

his surrounding danger.  He even deserted his home, his "castle,"
and fled.

But if it be admitted that he presented his gun when he was halted,
it was evidently not for any other purpose than either to defend him-
self or protect his retreat.

We do not think the facts, taken most strongly against the appel-
lant, strengthened by the presumption that the judgment is correct,
authorizes this conviction.   Judgment reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.