WILLIAM ARTHUR, Appellant, vs. THE STATE OF TEXAS, Appellee — Appeal from Jefferson County.

When the legislature has prescribed the form of the oath to be administered to the jury in capital cases, and the record, in such a case, shows affirmatively that the statutory requirement has been disregarded, it is a fatal objection to the regularity and legality of the verdict and judgment.

If, in such case, the record had merely stated that the jury were duly sworn, the presumption would be that the proper oath had been administered to them.

The opinion of the court presents the material facts of this case.

ARMSTRONG for appellant.

HARRIS (Attorney General) for appellee.

Mr. Justice WHEELER delivered the opinion of the court.

The appellant was indicted at the fall term, 1847, of the district court, upon the charge of the murder of one Benjamin Myers. In charging the assault, the indictment states that the accused, " in and upon one Benjamin Myers, in the peace of God and the said state then and there being, did make an assault," omitting to charge that the assault was committed *feloniously* or with *malice aforethought*. In other respects, the indictment conforms to the precedent for an indictment for murder by cutting the throat, in 3 Chit. Cr. Law, 757.

At the fall term, 1848, the accused was put upon his trial upon the plea of " not guilty," and the jury, after having been sworn " a true verdict to render, according to the law and testimony," heard the case and returned the following verdict: " We, the jury, find the defendant guilty, as charged in the indictment."

The prisoner thereupon moved in arrest of judgment, and assigned for cause the following:

1. The indictment does not describe the locality of the mortal wound with sufficient certainty.

2. The indictment is defective in not alleging that the assault was made "feloniously, willfully, and of his malice aforethought."

The court overruled the motion, and the prisoner appealed.

Of the various grounds insisted on in argument for a reversal of the judgment, those which it is deemed material to notice are:

1. The absence of an averment in the indictment that the assault was committed *feloniously*, and with *malice aforethought*.

2. That the oath administered to the jury was not that prescribed by law.

1. Upon the first of these grounds, we have had some difficulty in coming to a satisfactory conclusion; and as its decision is not absolutely necessary to the disposition of the case, having determined that the judgment must be reversed upon the second ground; and since the district attorney may remove the objection, by entering upon this indictment a *nolle prosequi*, and preferring a new indictment, we have determined to leave the point, for the present, undecided.

The omission is believed to be unprecedented; and the authorities lay it down generally, that the words omitted here are necessary. [1 Chit. Cr. L. 243; 3 id. 751, 737–8; 1 East's Pl. Crown, p. 345, ch. 5, sec. 116.] Where the assault is alleged to have been committed feloniously, and of malice aforethought, and this averment is connected with that of the mortal stroke by the words "*and then and there*," it is held that it is not necessary to repeat these words to the latter averment; for that these words "applied to the assault, run also to the stroke to which they are essential." [1 East, 346.] Whether, when employed in reference to the stroke, they may be dispensed with in reference to the assault, or must, of necessity, be applied to that also, is the precise question here presented; and

it is one which we are inclined to decide without reference to authorities, and books of criminal law, to which we cannot, at present, have access. The case is of a character which seems to demand an early decision, and we therefore proceed to dispose of it upon another ground, which is —

2. That there was no legal oath administered to the jury.

The statute in force when this case was tried [Acts of 1846, p. 175, sec. 16] provides that "In capital cases, the oath shall be, 'You swear that you will well and truly try and true deliverance make, between the state and the prisoner at the bar, whom you shall have in charge, according to law and evidence — so help you God.'" This was not the oath administered to the jury in the case before us; but the jury were sworn "a true verdict to render, according to the law and testimony." Had the record stated merely that the jury were duly sworn, we must have presumed that the proper oath was administered to them; but when it appears affirmatively that they were not sworn as the law requires, there is no room for any intendment in favor of the regularity and legality of the proceedings; and the objection must be held fatal. When the legislature have undertaken to prescribe the oath which shall be taken, it must be observed. And when the record shows that the statutory requirement has been disregarded, and the court has proceeded to substitute something else in its stead, it will be as if no oath had been administered. Any other oath than that prescribed is, in contemplation of law, no oath. And it is clear that the finding of a jury, not under oath, cannot constitute a legal verdict upon which the court can proceed to give judgment.

We are of opinion, therefore, that the judgment be reversed, and the case remanded for a new trial, with instructions that the district attorney be permitted to enter a *nolle prosequi* upon this, and prefer a new indictment; and for such other and further proceedings as to the law may appertain.