## J. C. BAWCOM v. THE STATE.

1. OATH OF PETIT JURY IN CRIMINAL CASES.—Where the record discloses, in a criminal case, that an oath different in its terms from that prescribed by the statute was administered to the jury, the judgment will be reversed.

2. THEFT IN REMOVING CATTLE FROM THEIR ACCUSTOMED RANGE.— On the trial for such offense, it is admissible for the defendant to prove his directions given to his employees as to the cattle to be gathered and driven, for the purpose of rebutting the charge of *fraudulent intent*, necessary to constitute theft.

3. CHARGE OF THE COURT IN SUCH CASES.—The question of fraudulent intent should be left to the jury, for the purpose of ascertaining the punishment to be imposed upon the act of driving the stock from its accustomed range.

APPEAL from Burnet. Tried below before the Hon. E. B. Turner.

Bawcom was indicted for driving and removing cattle from their accustomed range "without the consent of the owner, and with intent to defraud the owner," &c.

The record recites, that the jury "were duly impaneled and sworn to try the issue joined between the parties upon defendant's plea of not guilty," &c.

Upon the trial, J. C. Norrid, for the State, testified that, on the 1st April, 1873, or about that time, he saw defendant, who was gathering a herd of cattle for the purpose of driving to market, and witness told defendant not to take or handle any of witness' cattle; that he only had about thirty head, and none for sale; that in three days after this he heard defendant had some of his cattle in his herd, and witness went to the herd, and found defendant with his herd; and in the herd, in the possession of defendant, witness found the two cattle described in the indictment; that the cattle of witness were out of their range at least two and a half miles; that when witness approached the cattle they were stopped by the defendant, and when witness got up to the herd the cattle were grazing, and scattered over about fifty acres of land; that when he found his cattle, he then sold them to the defendant, and left the herd, and the defendant moved on with his herd; that the range of his cattle was in Burnet county; that he overtook the herd before it got out of said county; that he had never given defendant permission to drive or handle his cattle, but just before that had forbade defendant to handle his (witness') cattle.

James Dougherty testified that, about the time testified to by Norrid, witness was in employ of defendant, and superintended the gathering of the herd.

Defendant then offered to prove by the witness, Dougherty, that he was instructed by the defendant, in whose employ he was, "not to put or allow any cattle in the AZ brand to go into the herd then being gathered, and that said instructions were given prior to the time when defendant was charged to have stolen the steer," which testimony was excluded.

The defendant asked the court to instruct the jury, that

if the act was done "under such circumstances as not to constitute theft, they could nevertheless find him guilty of a misdemeanor, and assess his punishment at not exceeding double the value of the property stolen."

The defendant was convicted, and fine assessed at five hundred dollars, upon which judgment was rendered. Defendant appealed.

*McFadin & Fisher*, for appellant, cited Owens v. The State, 35 Tex., 361; Rainbolt v. The State, 34 Tex., 286; Brown v. The State, 32 Tex., 606; Gibson v. Hill, 23 Tex., 77; Pas. Dig., arts. 766a, 2410b; Hill v. The State, 34 Tex., 623; Shadle v. The State, 34 Tex., 572; Tharp v. The State, 28 Tex., 696; Langford v. The State, 8 Tex., 115; Radford v. The State, 35 Tex., 15; White v. The State, 11 Tex., 769; Taylor v. The State, 35 Tex., 497; Garcia v. The State, 26 Tex., 209; Regina v. Crowhurst, 47 Eng. Com. Law Rep., 370; Smith v. The State, 35 Tex., 500; Arthur v. The State, 3 Tex., 405; Nels v. The State, 2 Tex., 283.

*George Clark, Attorney General*, for the State.

MOORE, ASSOCIATE JUSTICE.—The record shows that a different oath was administered to the jury from that prescribed by law. This, as has been decided heretofore, is error, for which the judgment must be reversed. (Arthur v. The State, 3 Tex., 405; Martir v. The State, decided during present term.) Where it does not affirmatively appear from the record that a different oath from that prescribed has been administered, it will be presumed in favor of the regularity of the proceeding in the District Court, that the jury were properly sworn. But the oath administered in this case is set forth in the record, and no presumption can be indulged to impeach its verity.

Appellant was indicted for theft, under art. 766 of the Criminal Code, for willfully taking into possession, and

driving or removing from their accustomed range, live stock not his own, without the consent of the owner, and with the intent to defraud the owner thereof. The next article of the code, it must be observed, provides that, unless the willful driving of such stock from its accustomed range without the consent of the owner is done under such circumstances as to constitute theft, the party driving such stock is guilty of misdemeanor. It plainly appears, from the reading of these two articles of the code, that the intent with which the acts were done determines the grade of the offense. If the stock are taken and driven from their range without the owner's consent, with intent to defraud, it is theft, and punishable as prescribed in art. 766a; but if this is done without the intent to defraud the owner, it is misdemeanor, to be punished by fine not exceeding double the value of the stock taken and driven from their range. And since, unquestionably, appellant, if not guilty of the more aggravated offense, might, under an indictment for it, have been punished for misdemeanor, if it appeared that this was the offense of which he is guilty, it was of the utmost importance for him to show, if able to do so, that the acts done by him were not done with the intent to defraud the owner of the stock. And we are of the opinion that the instructions and directions given by him to his employees while collecting the stock, as shown by the bill of exception, should have been admitted in evidence, to have aided the jury, in connection with all the facts' and circumstances of the case, in coming to their conclusion as to the intent and purpose of appellant in the premises.

We are also inclined to the opinion the court should have submitted the question of intent to the jury, as asked in the instruction requested by the appellant. But if the evidence before the jury did not warrant the charge asked, unquestionably, if the evidence which was, as we have said, improperly excluded, had been admitted, it would have

been then strictly applicable, and should have been given. This shows more plainly the injury done appellant by the exclusion of the testimony.

The judgment is reversed and the case remanded.

REVERSED AND REMANDED.