CHARLES MORGAN *v.* THE STATE.

OATH OF JURY IN CRIMINAL CASES. The use of any other oath than that prescribed in Art. 563, Code of Criminal Procedure, in criminal cases, is cause for reversal on appeal.

APPEAL from Trinity. Tried below before Hon. L. W. Cooper.

*Geo. Clark* for State.

DEVINE, J. The appellant was convicted of the offense of grand larceny.

Various exceptions were taken to the indictment which, with many other grounds for a reversal, are set forth in the assignment of errors, and which it is not necessary to notice. The omission to have the oath, required by law, administered to the jury, although unnoticed by the counsel for appellant, is a fatal defect for which the judgment must be set aside. Article 563 of the code of criminal procedure, prescribes the oath to be administered to a juror in criminal cases, which must be followed, or what has been considered its equivalent administered in its absence.

In Arthur v. the State, 3 Texas, 405, the oath prescribed by the Statute was omitted, and as in the present case a different oath was administered to the jury. Justice Wheeler in delivering the opinion in the case said, "Had the record stated mere-"ly that the jury were duly sworn, we must have presumed "that the proper oath was administered to them, but when it "appears affirmatively, that they were not sworn as the law re-"quires, there is no room for any intendment, of the regularity "and legality of the proceedings, and the objection must be "held fatal. When the Legislature have undertaken to prescribe "the oath which shall be taken, it must be observed, and when "the record shows the statutory requirement has been disre-"garded, and the court has proceeded to substitute something "else in its stead, it will be as if no oath had been admin-"istered." The oath administered to the jury in the case before the court, was, after stating " came a jury of good and law-"ful men, to wit : Mr. W. Pharr and eleven others," "who "were duly empaneled and sworn, to try the issue joined be-"tween the State of Texas and Charles Morgan, upon his plea "of not guilty." This is not the oath prescribed by the code ; this, upon a similar form of oath, has been held as fatal to the conviction in several cases not yet reported, decided at the last Austin and Tyler terms.

Judgment reversed, and cause remanded.

Reversed and remanded.