## JAMES BURCH v. THE STATE.

1. VENUE.—Proof of the venue must appear in the statement of facts in a criminal case or a judgment of guilty will be reversed.
2. SELF-DEFENSE.—See facts held sufficient to warrant or excuse the use of a pistol in self-defense.

APPEAL from Ellis. Tried below before the Hon. H. Barksdale.

*E. P. Anderson & Bro.*, for appellant.

*George Clark, Attorney General,* for the State.

REEVES, ASSOCIATE JUSTICE.—The indictment charges James Burch with an assault with intent to murder Harrison Duff. The jury returned a verdict of guilty, and assessed the punishment at two years in the penitentiary. The motion for a new trial being overruled the defendant appealed, and asks that the judgment be reversed because the verdict was contrary to the law and the evidence and not responsive to the charge of the court and for other reasons.

The statement of facts fails to show that the offense was committed in Ellis county or where it was committed.

If the witnesses, Nelson Lee and Griff Reagor, are to be credited, Burch was not the aggressor and not guilty of the assault as charged in the indictment. The threat to kill Burch made by Duff at the time of the difficulty, and which Duff did not deny, was distinctly proved by the other witnesses. The threat appears to have been seriously made, and Duff was in a position to execute it, and was perhaps prevented from carrying out his purpose by the interference of Lee, or at least it seems he attempted it.

It was shown that Duff had advanced upon Burch, armed with "a post oak plow-handle" about three feet long, and heavy enough to kill a man, as the witness said, when the pistol was fired. The pistol, as Lee testified, was pointed towards the fire-place where Duff had been sitting, and when Lee got to him he knocked the pistol up, when it fired into the roof of the house. Simultaneously with the report of the pistol Duff struck over the shoulder of Lee at Burch with the plow-handle. Reagor, says Duff, was about to strike Burch when the pistol was discharged.

Attention is called to article 563 of the Code of Procedure (Paschal's Dig., art. 3029) for the form of the oath of a juror in criminal cases. This oath should be administered to the juror in every criminal cause, and not the

oath prescribed for a jury in the trial of civil causes, or as frequently occurs, an oath not recognized by any form of proceeding either civil or criminal.

The venue of the offense not being shown by the statement of facts, the judgment is reversed and case remanded.

Reversed and remanded.