CHARLES MORGAN v. THE STATE.

1. CONTINUANCE.—Application for continuance, made several days before the trial, may properly be overruled, unless it be also shown that the attendance of the witnesses could not have been had when the case was called, or that the proper diligence would have been useless.

2. WITNESS—CHARGE OF COURT.—It is not error to instruct the jury, where one jointly indicted was allowed to testify in behalf of the State, "to give the evidence such credit as they believed it entitled to, and that the presumption was that all the witnesses testified correctly."

3. WITNESS.—A defendant cannot object to the testimony as incompetent, of one jointly indicted, after the district attorney has dismissed the indictment as to the witness offered.

APPEAL from Trinity. Tried below before the Hon. L. W. Cooper.

*E. Curry* and *Earle Adams*, for appellant.

*George Clark, Attorney General,* for the State.

REEVES, ASSOCIATE JUSTICE.—This is an appeal from a judgment of conviction, assessing the punishment of the appellant at eight years confinement in the penitentiary.

The questions in the case relate to the overruling of appellant's application for continuance, the charge of the court to the jury, and the ruling of the court in permitting Coney White, who was jointly indicted with appellant, to testify as a witness for the State on the trial of the case. Counsel for appellant in their briefs discuss other questions, some of which will be noticed in the opinion.

It is assigned for error that the court erred in overruling appellant's motion and application to continue the case. The application was made on the 26th day of February, and the trial, as shown by the record, was on the 1st day of March.

The record does not furnish the information to enable this court to say that the witnesses might not have been summoned and their attendance procured on the trial, if their evidence had been regarded as material to the defense. No facts are shown to warrant the conclusion that proper diligence would have been useless, as contended by appellant.

The objections to the charge of the court are not of such a character as to require a reversal of the judgment. When the court told the jury to give the evidence such credit as they believed it entitled to, and that the presumption was that all the witnesses testified correctly, it is not probable that the jury understood the charge as referring to the witness White, the alleged accomplice in the theft.

The rule as to doubts and the presumption of innocence was fully charged by the court, and, taking the charge as a whole, no sufficient reason appears for reversing the judgment for error in the charge.

The objection to Coney White's testifying as a witness

because he was jointly indicted with the defendant, Morgan, is not well taken. The district attorney having dismissed the prosecution against White, as he had authority to do, with the consent of the court, he was a competent witness for the State in the case against Morgan; but, under the code, a conviction could not be had upon his testimony, unless he was corroborated by other evidence tending to connect the defendant, Morgan, with the offense committed. (Code Crim. Pro., art. 3118.) The provision referred to by counsel in their brief is article 1826, and which provides that persons charged as principals, accomplices, or accessories cannot be introduced as witnesses for one another, except as provided by the code.

It is further objected that the oath administered to the jury was not the oath required by the code. (Paschal's Dig., art. 3029.) In the entry of the judgment it is recited that the jurors were sworn according to law. This, we think, was sufficient under the previous decisions of this court.

The remaining objection relates to the sufficiency of the evidence to support the verdict of the jury.

There is no reasonable hypothesis, consistent with the facts in evidence, from which the jury could well infer that the theft was committed by some other person than the defendant Morgan. As will appear from his own statements, he had no money at the time he was employed to work on the road. After remaining on the road as a day laborer from the last of May to the 19th of June, and without having received any part of his wages during the time, it appears from the evidence that he left the premises at the time the money was stolen, without explanation and under circumstances pointing to him as the guilty party. Other facts were proven corroborating the evidence of the witness White in support of the verdict.

Finding no error in the judgment, it is affirmed.

Affirmed.