## J. W. Ewing *v.* The State.

1. Indictment.—An indictment is fatally defective which fails to allege that the accused "did" the acts charged as constituting the offense.

2. Jury—Record.—The record must disclose the fact that the jury who tried the case were sworn.

Appeal from the County Court of Hunt. Tried below before the Hon. H. B. Simonds.

The indictment purported to charge the accused with having administered medicine to a pregnant woman, with intent to procure an abortion ; but, as stated in the opinion, the word " did" was omitted where it was necessary to the allegation.

*Jones & Lewis* and *Upthegrove & Cushman,* for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

White, J. The indictment in this case is fatally defect- ive because it fails to allege that the defendant " did" the acts charged as constituting the crime. This word is indis-

pensable, and cannot be supplied by intendment. *The State* v. *Hutchinson*, 26 Texas, 111; *The State* v. *Dougherty*, 30 Texas, 360; *Edmondson* v. *The State*, 41 Texas, 496.

The record in this case nowhere discloses the fact that the jury trying the case were sworn. Pasc. Dig., Art. 3029; *Arthur* v. *The State*, 3 Texas, 405; *Martin* v. *The State*, 40 Texas, 19; *Bawcom* v. *The State*, 41 Texas, 189; *Edmondson* v. *The State*, 41 Texas, 496; *Sutton* v. *The State*, 41 Texas, 513; *Bray* v. *The State*, 41 Texas, 560; *Burch* v. *The State*, 43 Texas, 376; *Rich* v. *The State*, decided by this court at the Austin term, 1876, *ante* p. 206..

The judgment is reversed and the case dismissed.

*Reversed and dismissed.*