## JOHN SMITH v. THE STATE.

1. APPEAL.—In 1873 the appellant was tried and found guilty of an assault with intent to murder, but no final judgment was then rendered against him; notwithstanding which he gave notice of appeal to the supreme court and filed a transcript therein. At the ensuing term of the supreme court his attempted appeal was dismissed on suggestion of his escape. Being arrested in 1876, judgment final, *nunc pro tunc*, was entered on the

verdict rendered at the former term, and he appealed therefrom to this court. *Held,* that the attempted appeal before the final judgment was nugatory, and that the case is now for the first time properly before an appellate tribunal on appeal.

2. OATH TO THE JURY.—If the record of a felony case merely states that the jury were duly or legally sworn, this court will presume that the oath administered was the oath prescribed by the statute. But when the record shows that a different oath was administered to the jury, no presumptions can be indulged, and the judgment of conviction must be set aside.

3. CHARGE TO THE JURY.—Though the definition of the offense charged need not be given to the jury in the words of the statute, yet the jury should be instructed as to the nature, elements, and ingredients composing the offense.

APPEAL from the District Court of McLennan. Tried below before the Hon. J. H. BANTON.

At page 408 of this volume will be found the report of the appeal of this same appellant from a judgment of conviction of murder in the second degree.

The present case arose out of the same rencounter, and the two cases took the same course through the courts.

*Clark & Dyer,* for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

ECTOR, Presiding Judge. The appellant was convicted at the April term, 1873, of the district court of McLennan county of an assault with intent to murder. No final judgment was then rendered upon the verdict of conviction, but the defendant attempted to take an appeal, and filed his transcript in the supreme court. On a suggestion of escape, in 1873, his pretended appeal was dismissed in the supreme court. He was again arrested, and the district court of McLennan county, at its November term, 1876, entered up a final judgment *nunc pro tunc,* in accordance with the finding of the jury against the appellant; to which he excepted,

and gave notice of appeal. The district judge disregarded said notice of appeal, and proceeded to pass sentence upon the appellant, to which the appellant excepted, and again gave notice of appeal.

The appellant could not take an appeal until a final judgment had been rendered in the case. Consequently no appeal could be prosecuted until the rendition of the judgment in November, 1876. This question has been decided by this court, at its late Tyler term, in another case arising out of the same transaction. See *Smith* v. *The State*, Tyler docket, and the authorities therein referred to, *ante* p. 408. This cause is now for the first time properly before the appellate tribunal on appeal.

The record shows that the oath required by the Code of Criminal Procedure in all criminal cases was not administered to the jury. The recital in the record is that the jury "were duly impaneled, and sworn to true verdict render herein between The State of Texas and the said defendants, William Fulcher and John Smith." This is not the oath prescribed by the statute. Art. 563, Code of Cr. Pro. If the record had said that the jury "were duly sworn," or if it had said that the jury "were legally sworn," this would be held sufficient, for then the court would presume that the proper oath was administered to the jury. But when the record contains the oath which was administered to the jury, no presumptions can be indulged against the statement of what the oath was. See the following cases: *Arthur* v. *The State*, 3 Texas, 403; *Martin* v. *The State*, 40 Texas, 26; *Bawcom* v. *The State*, 41 Texas, 189; *Sutton* v. *The State*, 41 Texas, 513; *Bray* v. *The State*, 41 Texas, 560; *Morgan* v. *The State*, 42 Texas, 225; *Smith* v. *The State*, Tyler term, 1876, and *Miles* v. *The State*, Galveston term, 1877 (*ante* pp. 408, 510), of this court.

The 2d error assigned by the appellant is that the court failed to charge the law applicable to the case. The court

instructed the jury that, " if you believe from the evidence that, at any time within five years before the 4th of January, 1873, in the county of McLennan, the defendant, William Fulcher, did commit an assault and battery on the person of Cebe Bird, with the intent to kill and murder him, and that John Smith was present and, knowing the unlawful intent of said Fulcher, aided him by acts or encouraged him by words or gestures, you will find them both guilty." In no portion of the charge does the court define " an assault and battery," or " an assault with the intent to murder," or instruct them as to the legal signification of " malice."

We do not hold that it is requisite for the court, in defining offenses, to follow the definition literally in the words of the statute, but the jury should be informed of the nature, elements, and ingredients composing the crime.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*