### R. Chambliss *v.* The State.

1. JUROR'S OATH.—The county court act of 1876 prescribes the same juror's oath in criminal cases as that prescribed by the Code of Criminal Procedure for jurors in criminal cases in the district courts.

2. SAME.—It is not necessary that the judgment shall set out the exact language of the oath which was administered to the jury ; and, if it merely recites that the jury were "duly sworn," or "duly impaneled and sworn," or "sworn according to law," this court will presume that the statutory oath was administered.

3. SAME.—But if the judgment recites the oath administered, and it was a different oath than that prescribed, the judgment will be set aside. A recital that the jury "were sworn well and truly to try and true verdict render," imports that a different oath than that prescribed was administered.

APPEAL from the County Court of Johnson. Tried below before the Hon. H. W. BARCLAY, County Judge.

No brief for the appellant.

George McCormick, Assistant Attorney General, for the State.

WHITE, J. The 10th section of " An act to organize the.

county courts, and define their powers and jurisdiction'' (Acts Fifteenth Legislature, 20), provides that "the oath administered to a juror in a criminal case shall be as follows:  "You do solemnly swear that, in the case of the state of Texas against (A B) the defendant, you will a true verdict render, according to the law and the evidence, so help you, God." This oath is identical in phraseology with that prescribed for jurors in the district court in criminal cases. Pasc. Dig., Art. 3029.

It seems that it is not necessary or requisite that the exact language of the oath as administered should be set forth or recited in the judgment. If the judgment simply recites that the jury "were duly sworn," or "were duly impaneled and sworn," or "were sworn according to law," it will be sufficient, and the appellate court will, upon such recital, presume that the oath as prescribed by statute had been administered. But when the judgment attempts to recite, and does recite, the oath which was administered, and it appears therefrom that a different oath was administered than the one provided by law, such fact will be fatal to the validity of the judgment. 40 Texas, 19; 41 Texas, 189; 41 Texas, 496; 41 Texas, 513; 41 Texas, 560; 42 Texas, 389; 43 Texas, 376; 44 Texas, 511.

The judgment in this case sets out the oath administered to the jury, as follows:  "Who were sworn well and truly to try and true verdict render." This is not the oath prescribed by the statute. For this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*