[No. 2731.]

RUF. HOLLAND v. THE STATE.

1. ADULTERY.—INDICTMENT for adultery described the parties as "male" and "female," and therefore the defendant moved to quash because it charged no offense. But held, that though Article 333 of the Penal Code defines the parties to the crime of adultery as "man and woman," and though it is almost elementary in criminal pleading that the statutory words should be used in describing an offense, it is not required that strict particularity shall be observed in an averment of sex in adultery and kindred crimes. See the opinion in extenso on the subject.

2. JURY LAW—OATH—PRACTICE.—It is not necessary to set out in the judgment the oath which was administered to the jury trying a criminal case, the statement that the jury was "sworn according to law" being sufficient to show that fact; but, if it is attempted to set out the oath, and it appears as set out that it is not the oath prescribed by statute, the judgment will be reversed.

3. SAME.—In cases less than capital the oath to be administered to the jury is: "You and each of you solemnly swear that in the case of the State against A. B., the defendant, you will a true verdict render according to the law and the evidence; so help you God." This oath and none other will suffice, and the recital in the judgment that "the jury were sworn to try the issue joined between the parties" does not show that the jury was sworn "according to law."

4. SAME—EVIDENCE.—Proof of marriage in adultery prosecutions may be made by the testimony of any person who has known the husband and wife to live together as married persons.

5. SAME.—That the woman with whom the adultery was committed was a common prostitute is no excuse or justification in a prosecution for adultery, and the court below did not err in excluding evidence to that effect.

6. CHARGE OF THE COURT—REASONABLE DOUBT.—The court charged the jury that "the defendant is entitled to the benefit of a doubt as to his guilt or innocence," and again, "if you have any reasonable doubt as to the guilt or innocence of the defendant, you will acquit him." Held, error; and that a verdict of guilty under such instructions was against the charge of the court.

APPEAL from the County Court of Mason. Tried below before the Hon. G. L. D. Adams, County Judge.

The indictment charged the appellant with adultery with ᴌate Scott, the wife of S. S. Scott, in Mason county, Texas, on the seventeenth day of November, 1882, and on divers other

days prior and subsequent to said seventeenth day of November, 1882. A fine of one hundred dollars was the punishment imposed by a verdict of guilty.

E. Schroeder and Tom Runyan testified, for the State, that by request of S. S. Scott they accompanied him to his house in Mason county, Texas, on or about the seventeenth day of November, 1882, and saw the defendant in bed with Mrs. Kate Scott, the wife of S. S. Scott.

Mrs. Katie Scott testified, for the State, over the objection of the defendant, that her husband, S. S. Scott, offered to give her one thousand dollars in money, a house, a place and five cows, if she, the witness, would permit the defendant to sleep with her, so that he, the said Scott, could obtain a divorce from her, the witness; that she did, at the request of the witness, S. S. Scott, her husband, sleep with the defendant on the occasion testified to by Schroeder and Runyan, and on two other occasions, and had carnal intercourse with him on each of these three occasions.

J. D. Bridges testified, for the State, that S. S. and Katie Scott told him that they were married to each other, and that he, the witness, knew that the said S. S. and Katie Scott lived together as man and wife.

The motion for new trial assailed the charge of the court, and denounced the verdict as contrary to the law and the evidence.

*Holmes & Sharpe* and *R. Runge,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE.—The charging part of the indictment is that "Ruf. Holland did have habitual carnal intercourse with one Kate Scott, she the said Kate Scott being then and there a female and legally married to another person, to wit, one S. S. Scott, and he the said Ruf. Holland a male." A motion to quash by defendant upon the ground that the indictment charged no offense against the law was properly overruled.

It is true our statute (Penal Code, Art. 333), speaking of the parties to this crime, calls them "a man and woman," and it is also true that in criminal pleading it is almost elementary that the statutory words should always be used in describing an offense. Still this rule, it seems, does not require strict particularity in an averment of sex in adultery and kindred crimes. In regard to rape, for instance, Mr. Bishop says: "Though rape

can be committed only by a male person arrived at puberty, and the victim must be a female, and though the statute of Westminster 2 has the words 'man and woman,' and our American statutes are in like terms, it is not necessary to allege in any case either that the defendant is a man or that the victim is a woman. This is sometimes explained by saying that the court will recognize the sex by the names and the pronouns. But this result is believed to follow equally and more properly from a general doctrine, namely. that neither the capacity of the defendant to commit a crime nor the possibility of another named person's being made the victim of it need be ever alleged; a charge of its actual commission covering the whole ground and being always sufficient." (2 Bish. Crim. Proc., 3 ed., sec. 952; *Battle* v. *The State*, 4 Texas Ct. App., 595.)

It has been repeatedly held that in criminal cases it is not necessary to set forth in the judgment the oath which was administered to the jury which tried the case, a statement that the jury were "sworn according to law" being all that is necessary to show that they were properly sworn; but, if it is attempted to set out the oath, then, if the oath as set out is not the one prescribed by the statute, the judgment will be reversed. (*Edmundson* v. *The State*, 41 Texas, 496; *Bawcom* v. *The State*, 41 Texas, 189; see Clark's Crim. Law of Texas, pp. 508, 509, and notes.)

In the judgment in the record before us it is recited that the jury were "sworn to try the issue joined between the parties." In cases less than capital the oath to be administered to jurors as prescribed by law is: "You and each of you solemnly swear that in the case of the State of Texas against [A. B.], the defendant, you will a true verdict render according to the law and the evidence; so help you God." (Code Crim. Proc., Art 657.) This oath must be administered, and none other, though, as before stated, it is not necessary to recite it in terms in the judgment, because when the fact is stated that the jury were "sworn according to law," that is sufficiently explicit, and carries with it the averment and presumption also that the statutory oath, and that alone, was administered. The oath shown by the record in this case is almost literally the same as in Bawcom's case, *supra*.

That Katie Scott was a common prostitute was no excuse or justification of appellant, and had nothing to do with the case on trial. The court therefore did not err in refusing to permit defendant to introduce evidence to prove that fact.

In the charge to the jury they were told that "the defendaut is entitled to the benefit of *a doubt as to his guilt or innocence*," and again, "if you have any reasonable doubt *as to the guilt or innocence* of the defendant you will acquit him." This was error, and the verdict of guilty, under such a charge, is manifestly contrary to the charge. (*McNair* v. *The State*, decided at the present term, *ante,* p. 78.)

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded,*

Opinion delivered May 9, 1883.