G. W. CRISP v. THE STATE.

No. 5736. Decided March 24, 1920.

**1.—Felony Theft—Oath Administered to Jury.**

Where, upon trial of felony theft the following oath was administered to the jury: "You and each of you solemnly swear that in the case of the State of Texas against G. W. Crisp, the defendant, you will a true verdict render according to the law and the evidence," leaving out the words "So help me God," as provided in Article 714, Vernon's C. C. P., the same was not such an oath as is required by said article, and same was reversible error, although not objected to at the time the oath was administered. Following Arthur v. State, 3 Texas, 403, and other cases.

**2.—Same—Trial by Jury—Constitutional Law—Waiver.**

The right of trial by jury must be held inviolate by constitutional mandate, and it is provided by Article twenty-two of our Code of Criminal Pro-

cedure that in a criminal prosecution anything may be waived by the accused except the right of trial by jury in a felony case, who must be sworn according to the form of oath prescribed by statute, and one which is not so sworn does not constitute a jury under the law. Following Howard v. State, 80 Texas Crim. Rep., 588, and other cases.

### 3.—Same—Statutes Construed—Jury and Jury Law—Oath of Jury.

The omission of that part of the oath which calls upon the God of all creation to witness and judge, whether the decision be according to the law and the evidence is one serious in its consequences and effects upon the consciences and the minds of the jurors, and is a material part of the oath prescribed by the statute, and a conviction by a jury not legally sworn is a nullity, and the error can be raised at any stage of the proceeding, following Slaughter v. State, 100 Ga., 323.

Appeal from the District Court of Cooke. Tried below before the Honorable C. R. Pearman, Judge.

Appeal from a conviction of theft over the value of $50; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Culp, Culp & Culp*, for appellant.—Cited: Howard v. State, 192 S. W. Rep., 771; Bell v. State, 2 Texas Crim. App., 216; Leer v. State, 2 id., 495.

The question of oath administered to jurors: Jones v. State, 37 Texas Crim. Rep., 433; Bracher v. State, 161 S. W. Rep., 124.

*Alvin M. Owsley*, Assistant Attorney General, for the State.—

LATTIMORE, Judge.—Appellant was convicted of felony theft, in the District Court of Cooke County, and given a punishment of two years in the penitentiary, from which he appeals.

On the trial, the following form of oath was administered to the jury:

"You and each of you solemnly swear that in the case of the State of Texas, against G. W. Crisp, the defendant, you will a true verdict render according to the law and the evidence."

Appellant has a bill of exceptions, complaining that this is not such an oath as is required to be administered to a jury. This bill is qualified by the court by the statement that notwithstanding appellant and his counsel were present when the jury were so sworn, no objection was made thereto until in motion for a new trial. Our Assistant Attorney General insists that the objection, if any, was thus waived, and this is the first question which presents itself.

Article 714, Vernon's C. C. P., is as follows:

"When the jury has been selected, the following oath shall be administered to them by the court, or under his direction: 'You, and each of you, solemnly swear that in the case of the state of Texas

against A. B., the defendant, you will a true verdict render according to the law and the evidence, so help you God.''

The right of trial by jury must be held inviolate by constitutional mandate, and it is provided by Article 22 of our Code of Criminal Procedure, that in a criminal prosecution, anything may be waived by the accused, except the right of trial by jury in a felony case.

It has been held by all the courts, as far as we are aware, that six or twelve men sitting in judgment, unsworn, do not constitute a jury. Howard v. State, 80 Texas Crim. Rep., 588; L. R. A. 1917B, p. 400, for discussion of authorities. So, it must be held mandatory that the jury be sworn in a particular case. The question then arises, as to whether a jury, to which has been administered any other form of oath than the one prescribed by statute, is to be regarded as having been sworn. We do not think the question an open one in this State.

In the early case of Arthur v. State, 3 Texas, 403, the Supreme Court, passing upon the question as to whether a legal oath was administered, held as follows: ''The statute in force when this case was tried (Acts of 1846, p. 175, sec. 16) provides that 'In capital cases, the oath shall be, 'You swear that you will well and truly try and true deliverance make, between the state and the prisoner at the bar, whom you shall have in charge, according to law and evidence— so help you God.' '' This was not the oath administered to the jury in the case before us; but the jury were sworn 'a true verdict to render, according to the law and testimony.' Had the record stated merely that the jury were duly sworn, we must have presumed that the proper oath was administered to them; but when it appears affirmatively that they were not sworn as the law requires, there is no room for any intendment in favor of the regularity and legality of the proceedings; and the objection must be held fatal. When the Legislature have undertaken to prescribe the oath which shall be taken, it must be observed. And when the record shows that the statutory requirement has been disregarded, and the court has proceeded to substitute something else in its stead, it will be as if no oath had been administered. Any other oath than the prescribed is, in contemplation of law, no oath. And it is clear that the finding of a jury, not under oath, cannot constitute a legal verdict upon which the court can proceed to give judgment.''

This case was followed by Martin v. State, 40 Texas, 19, that part of the opinion referring to this matter, being as follows: ''Another question arises on the record, and is called to our notice by counsel. It is affirmatively recited in the entry of judgment that the jury were 'sworn to try the issue between the state and the accused upon his plea of not guilty.' This is not the oath required by article 563, code of procedure (Pas. Dig. 3029). It omits essential elements of that oath. It has been decided, that where the record sets out the oath administered, it must be taken as true. No presumption can be indulged against the affirmative statement of what oath was adminis-

tered, as appears here, and that when an improper oath thus appears to have been administered, it is an error fatal to the proceedings. Arthur v. State, 3 Texas, 403. This decision was made upon the statute then in force regulating criminal trials. The same reason applies under the code, and no liberality of construction can change the plain import of the language used in the record, showing that the proper oath was not administered. For this error the judgment must be reversed and the cause remanded for a new trial.''

Again, in Bawcom v. State, 41 Texas, 189, the Supreme Court held as follows: ''The record shows that a different oath was administered to the jury from that prescribed by law. This, as has been decided heretofore, is error, for which the judgment must be reversed. (Arthur v. State, 3 Texas, 405; Martin v. State, decided during present term.) Where it does not affirmatively appear from the record that a different oath from that prescribed has been administered, it will be presumed in favor of the regularity of the proceeding in the District Court, that the jury were properly sworn. But the oath administered in this case is set forth in the record, and no presumption can be indulged to impeach its verity.''

To the same effort are the cases of Edmondson v. State, 41 Texas 501, and Burch v. State, 43 Texas, 377.

Coming to the decisions of our own court, we find that in the case of Leer v. State, 2 Texas Crim. App., 495, the case is reversed and remanded for the single reason that it appears from the record that another and different oath was administered to the jury, than the one prescribed by statute. The same holding appears in Chambliss, id., 396.

In Tharp v. State, 3 Texas Crim. App., 90, Judge White, after quoting the manner on which the oath in that case differs from the one prescribed by statute, says: ''This is not the oath prescribed by statute, and that prescribed by statute is the only one that can be legally administered.'' See Collins v. State, 5 Texas Crim. App., 38. In Holland v. State, 14 Texas Crim. App., 182, Judge White says in the opinion: ''In cases less than capital the oath to be administered to jurors as prescribed by law is: 'You and each of you solemnly swear that in the case of the State of Texas against (A. B.), the defendant, you will a true verdict render according to the law and the evidence; so help you God.' (Code Crim. Proc., Art. 657.) This oath must be administered, and none other.''

In Stephens v. State, 33 Texas Crim. Rep., 101, Judge Simkins holds as follows: ''The clear intention of the Code is, that a jury selected to try a defendant on a criminal charge shall be sworn in the specific case, and under the oath prescribed, and no other.''

Some of these decisions are referred to with approval in Howard's case, supra. In Johnson v. State, 47 Ala., 9, the Supreme Court of that State in passing on the question as to whether or not a statutory oath which required that the jury be sworn in certain form, had been

materially changed by omitting a part thereof, says: "The oath stated, leaves out an essential and substantive part of the oath required to be administered, to wit: 'and a true verdict render according to the evidence; so help you God.' Thus we see, not only an essential, but the most impressive part of the oath was omitted; that part that directs the jurors to look to God for help in the discharge of their solemn and important duty, a duty in which the life of a human being was involved. . This omission must necessarily render the verdict illegal."

It is not necessary that the form of oath administered appear in the record otherwise than by appellant's bill of exceptions. Preston v. State, 8 Texas Crim. App., 30.

These decisions seem to us to announce correct conclusions. Nor do we think this prescription of the form of oath merely directory. In Murray's case, 21 Texas Crim. App., 466, it is said of such matters, on page 466: "It is an established rule of statutory construction that, 'When the particular provision of a statute relates to some immaterial matter, where compliance is a matter of convenience rather than substance, or where the directions of a statute are given with a view to the proper, orderly, and prompt conduct of business merely, the provision may generally be regarded as directory."

Are we to hold that the omission of that part of the oath which calls upon the God of all creation to witness and judge whether the decision be according to the law and the evidence, is one not serious in its consequences and effect upon the minds and consciences of the jurors? In Mr. Bouvier's definition of an oath, occurs the following: . . . "it is the act of one who, when lawfully required to tell the truth, takes God to witness what he says is true. It is a religious act by which the party invokes God not only to witness the truth and sincerity of his promise, but also to avenge his imposture of violated faith, or in others words to punish his perjury if he shall be guilty of it."

In the Century Dictionary, appears the following definition of an oath: "A solemn appeal to the Supreme Being in attestation of the truth of some statement or the binding character of some covenant, undertaking or promise; an outward pledge that one's testimony or promise is given under an immediate sense of responsibility to God."

As strongly persuasive, our attention is also called by appellant, in his able brief, to the language of the immortal farewell address of the First President of the United States, wherein he says: "Let it simply be asked, where is the security for property, for reputation, for life, if the sense of religious obligation desert the oaths which are the instruments of investigation in the courts of justice?"

While this is not an utterance of a court, yet it is the matured statement of one whose correctness of decision commends itself to the judgment of the people of all nations.

We are unwilling to subscribe to the doctriné that the words "So help me God" are an immaterial part of the prescribed oath, or that it was placed there by the fathers for mere form's sake, or that it may be omitted with impunity. Rather would be inclined to hold it the very heart of the obligation; for what are the pains and penalties of perjury, as measured by man's puny punishment, compared with the endless penalties invited by him who has pledged himself to truth, as God may help him tell or decide it, and then be false to the oath? We believe, with the Supreme Court of Georgia, that a conviction by an unsworn jury, is a mere nullity. (Slaughter v. State, 100 Ga. 323), and that when there is an oath made necessary by statute, decision, or reason, which has been followed neither in form nor substance, such error may be taken advantage of at any stage of the proceeding.

So believing, a reversal of the case must be ordered.

*Reversed and remanded.*