### I. W. HUEY v. THE STATE.

#### No. 5738. Decided April 21, 1920.

##### 1.—Murder—Manslaughter—Evidence—Conduct of Defendant.

Where, upon trial of murder and a conviction of manslaughter, the State introduced testimony that defendant appeared angry, and there was nothing in the bill of exceptions to indicate that the testimony was ir-relevant, there was no reversible error. Following: Edgar v. State, 59 Texas Crim. Rep., 256. and other cases.

##### 2.—Same—Evidence—Bill of Exceptions—Rules Stated.

A statement of the reason for objecting to the ruling of the court does not suffice in the bill of exceptions, Under Article 2059, V. C. C. P., but the fact showing its relation to the case must be stated in a manner to disclose that they are facts certified to by the trial judge. Following Hennessey v. State, 23 Texas Crim. App., 355, and other cases.

##### 3.—Same—Bill of Exceptions—Question and Answer Form.

The practice of question and answer form in bill of exceptions is to be avoided except when necessary, and there being nothing indicating the fail-ure to observe the views expressed by the court on a former appeal, there was no reversible error.

##### 4.—Same—Evidence—Tracks—Rules Stated.

As a predicate for introducing testimony of tracks at the scene of the homicide, it is not incumbent upon the State to introduce evidence to negative their presence there before the homicide, or that they were found immediately. Following: Haley v. State, 84 Texas Crim. Rep., 629.

##### 5.—Same—Evidence—Irrelevant Matter.

The fact that the son of the deceased on going to the scene of the homi-cide kissed his father was not relevant, but in view of the verdict, receiving it in evidence was not reversible error.

##### 6.—Same—Evidence—Cross Examination.

Where a certain State's witness described certain tracks near the scene of the homicide, and on cross-examination testified that he went there at the suggestion and in company with another witness and examined the tracks, etc., there was no reversible error.

**7.—Same—Former Trial—Charge of Court.**

There was no error in the court's charge to the jury that the result, if any, of the former trial did not concern them and was not to be mentioned or considered. Following Driver v. State, 37 Texas Crim. Rep., 160, and other cases.

**8.—Same—Oath of Jurors—Waiver—Practice on Appeal.**

Where it affirmatively appeared by bill of exceptions that none of the jurors trying the case were sworn as is required by the statutes, and the words "So help me God" were omitted, the same was reversible error, under Article 714, C. C. P., and said oath cannot be waived as contended for by the State.

**9.—Same—Practice on Appeal—Query.**

The question whether on another trial the appellant may be tried for murder, having been convicted of manslaughter, is not involved in the appeal, and, therefore, not one upon which this court will express an opinion.

Appeal from the District Court of Cooke. Tried below before the Honorable C. R. Pearman.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Culp, Culp & Culp,* for the appellant.—On question of declarations of defendant: Spangler v. State, 55 S. W. Rep., 327; Myers v. State, 39 id., 111.

On question of action of son: Holt v. State, 9 Texas Crim. App., 571; Gray v. State, 47 Texas Crim. Rep., 377; Clark v. State, 120 S. W. Rep., 179.

On question of finding tracks after talking to other witness: Huey v. State, 197 S. W. Rep., 202; Holt v. State, 125 S. W. Rep., 43; Campbell v. State, 29 id., 139.

On question of oath administered to jury: Bell v. State, 2 Texas Crim. App., 216; Howard v. State, 192 S. W. Rep., 771; Kris v. State, recently decided.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of state of mind of defendant: Powdrill v. State, 62 Texas Crim. Rep., 442; Duke v. State, 61 id., 443; Mims v. State, 153 S. W. Rep., 321.

On question of tracks: Bains v. State, 43 Texas Crim. Rep., 495; Liles v. State, 58 id., 310; Elmore v. State, 72 id., 228.

On question of oath administered to the jury: Witty v. State, 171 S. W. Rep., 233.

MORROW, Judge.—The appeal is from conviction for manslaughter, with punishment fixed at confinement in the penitentiary for five years. The facts are sufficiently stated in report on former appeal, 81 Texas Crim. Rep., 554.

The first bill of exceptions, complaining of proof that appellant was angry, discloses no error. It was competent to prove that he appeared angry. Bennett v. State, 39 Texas Crim. Rep., 648; Powers v. State, 23 Texas Crim. App., 42; Rose's Notes on Texas Reports, Vol. 5, p. 601. There is nothing in the bill to indicate that the testimony was irrelevant. In support of the court's ruling we presume that it was relevant. Moore v. State, 7 Texas Crim. App., 20; Edgar v. State, 59 Texas Crim Rep., 256.

The second bill, setting out in question and answer form part of the testimony of the witness Williams fails to set out any of the surrounding facts, and the Assistant Attorney General objects to its consideration, citing Thompson v. State, 29 Texas Crim. App., 208; Black v. State, 68 Texas Crim. Rep., 151, 160 S. W. Rep. 720; Eldridge v. State, 12 Texas Crim. App., 208; Harris v. State, 67 Texas Crim. Rep., 251, 148 S. W. Rep., 1047, and other cases. The statute, Article 2059 requires no particular words in a bill of exceptions, but says:

"The objection to the ruling, or the action of the court, shall be stated with such circumstances, or so much of the evidence, as may be necessary to explain it, and no more, and the whole as briefly as possible."

A statement of the reasons for objecting to the ruling does not suffice, but the facts showing its relation to the case must be stated in a manner to disclose that they are facts certified to by the trial judge. Hennessey v. State, 23 Texas Crim. App., 355; Branch's Annotated Texas Penal Code, Section 209. On the subject we will add that reproducing in question and answer form the testimony of a witness is a practice to be avoided except on occasions when such a reproduction is necessary to disclose the meaning. Such procedure certainly does not follow the direction of the statute to "*state so much of the evidence as may be necessary to explain the ruling, and no more, and the whole as briefly as possible.*" We have examined the testimony of the witness Williams in the statement of facts, and find nothing therein indicating a failure to observe the views expressed by the court on the former appeal.

As a predicate for introducing proof of tracks at the scene of the homicide, it is not encumbent upon the State to introduce evidence to negative their presence there before the homicide, nor is an objection tenable that the tracks were not found immediately. Haley v. State, 84 Texas Crim. Rep., 629, 209 S. W. Rep., 675.

The fact that the son of the deceased on going to the scene of the homicide kissed his father was not relevant, but in view of the verdict, receiving it in evidence was not reversible error.

The witness Taylor gave evidence describing certain tracks near the scene of the homicide. On cross-examination the appellant proved by him that he had gone to the scene of the homicide with the witness Williams, and that Williams had told him where the appellant

was during the difficulty, and that he, the witness, went into the field from which the shot was fired, and examined the tracks at Williams' solicitation. The motion to exclude the testimony of Taylor given on direct examination because of this disclosure on cross-examination was properly overruled.

We regard the instruction by the court to the jury that the result, if any, of the former trial did not concern them and was not to be mentioned or considered, was an appropriate precaution against misconduct of the jury. The same practice has often been pursued with approval in warning the jury against the reference to or consideration of the failure of the accused to testify in his own behalf. Driver v. State, 37 Texas Crim. Rep., 160; Lankster v. State, 72 Texas Crim. Rep., 337; McKelvey v. State, 69 Texas Crim. Rep., 538, 155 S. W. Rep., 932.

It affirmatively appears from a bill of exceptions that to none of the jurors trying the case was there administered the oath required by statute. In swearing them the words "So help me God" were omitted. These words are included in the statute, Article 714, C. C. P. The learned trial judge was of the opinion that the appellant, failing at the time to complain of the form of the oath was too late to avail himself of the omission upon motion for new trial. Some references are furnished by the Assistant Attorney General to instances in which omissions of part of the statutory oath have been held waived. See ruling Case Law, Vol. 16, p. 293 and 294; Baldwin v. Kansas, 129 U. S., 52; Bank v. Lowther, 28 L. R. A., New Series, 511. We find no instance in which this rule has been applied to a criminal case. The application of this rule, so far as we are advised, has been to civil cases, and confined to the omission of non-essential parts of the oath. It has been held in this State, in Howard v. State. 80 Texas Crim. Rep., 588, that the oath cannot be waived, and this is in accord with the decisions in other jurisdictions, and from it we have found no departure. See note to Howard v. State, L. R. A., 1917D, 400. The words omitted in the instant case are necessary, not only to comply with the statute but to characterize the declaration as an oath. See Bouviers' Dictionarl, also Century Dictionary. On the subject we quote the language of the Supreme Court of Alabama in Johnson v. State, 47 Alabama, 31:

"The oath stated leaves out an essential and substantive part of the oath required to be administered, to-wit: 'and a true verdict render according to the evidence: so help you God.' Thus, we see, not only an essential, but the most impressive part of the oath, was omitted; that part that directs the jurors to look to God for help, in the discharge of their important and solemn duty, a duty in which the life of a human being was involved. This omission must necessarily render the verdict illegal, and insufficient to justify the fearful and terrible punishment to which the defendant is consigned by the sentence and judgment of the court."

We have given the question a more comprehensive review in the opinion deciding the case of Crisp v. State, 87 Texas Crim. Rep.,——, 220 S. W. Rep., 1104, No. 5736.

The conclusion there stated, and here reiterated, is that the omission of the trial court to administer to the jurors the oath which the statute requires renders it obligatory upon us to set aside the verdict rendered by the jury thus inpaneled ,and it is so ordered.

*Reversed and Remanded.*

---

ON REHEARING.

April 21, 1920.

MORROW, Judge.—The state asks us to decide whether on another trial the appellant may be tried for murder, the contention being that the appellant having sought and obtained a judicial determination of the fact that on the trial at which the verdict of manslaughter was rendered he was not tried by a jury, as contemplated by the law of this state, the verdict rendered was a nullity, and therefore did not operate to acquit him of murder. Several authorities are referred to, including the Constitution, Art. 1, secs. 10, 14, & 15; Art. 572, C. C. P.; Ogle v. State, 43 Texas Crim. Rep., 220; Howard v. State, 80 Texas Crim. Rep., 588; L. R. A., 1917D, 393; Slaughter v. State, 100 Georgia Rep., 326; Bishops New Crim. Law, sec. 1014. An interesting question is presented by the motion, but it is not one involved in the appeal, and therefore not one upon which we feel authorized to express an opinion. We accordingly refrain from doing so.

The motion is overruled.

*Overruled.*